## NATIONAL STEAMSHIP CO. v. TUGMAN.

(Circuit Court, E. D. New York. March 19, 1895.)

REMOVAL OF CAUSES—JUDGMENT FOR COSTS IN STATE COURT—SET-OFF.

A state court, having denied a petition for removal, proceeded to judgment, and the case was taken on error to the supreme court of the United States. The latter court reversed the judgment, and remanded the cause with directions to accept the bond for removal and proceed no further. The state court then, in form, itself reversed the judgment. and entered judgment for costs. The case then proceeded in the federal court, and, after going to the supreme court of the United States, a judgment was finally entered, pursuant to its mandate. Afterwards a suit was brought in the federal court to have set off, against the judgment therein rendered, the judgment for costs so rendered by the state court. Held that, under the judiciary act of 1875 (18 Stat. 470), the state court had no authority to render an enforceable judgment for the costs therein incurred, but that the matter of taxation of costs accompanied the case into the federal court; and hence that the set-off could not be allowed.

This was a suit in equity by the National Steamship Company against Charles H. Tugman to have set off, against a judgment previously rendered in this court, the amounts of two judgments recovered in the courts of New York.

John Chetwood, for plaintiff.
Delos McCurdy, for defendant.

WHEELER, District Judge. This suit is brought to have set off against a judgment of this court, under a mandate from the supreme court of the United States in 1892, for $7,549.59, a judgment of the superior court of New York in 1869 for $126.86, and a judgment of the supreme court of New York in the case remanded from the supreme court of the United States, upon removal of it to this court, for costs, while pending there where it was brought, after petition for removal and before actual removal. The bill alleges residence without the state for three years since the judgment of the superior court, which the answer does not deny, and which seems, under the statute of the state, to avoid the presumptive bar of 20 years set up against that judgment. Code, N. Y. § 401.

The suit was removed from the state court under the act of 1875 (18 Stat. 470), which provided that all injunctions, orders, and other proceedings had in such suit prior to its removal should remain

in full force and effect until dissolved or modified by the court to which such suit should be removed; and "that the circuit court of the United States shall, in all suits removed under the provisions of this act, proceed therein as if the suit had been originally commenced in said circuit court, and the same proceedings had been taken in such suit in said circuit court as shall have been had therein in said state court prior to its removal." The proceedings in the supreme court of the state, after the petition for removal, had resulted in that judgment; which was reversed by the supreme court of the United States, and the cause was remanded, with directions to accept the bond for removal, and proceed no further with the case. A taxation of the costs in that court at $108.34 accompanied the mandate. Steamship Co. v. Tugman, 106 U. S. 118, 123, 1 Sup. Ct. 58. The state court thereupon, in form, itself reversed the judgment, and rendered this judgment for costs, with an award of execution. By these provisions of the statute of the United States, these proceedings of the state court came with the case into this court to have given them the same effect as if they had taken place in this court. There was but one case. This taxation of or judgment for costs came with it into this court. In it there could be but one final judgment, which would be that in this court; and into that all the previous proceedings in all the courts in which the case had been pending, including all taxations of costs in each court, would be drawn and merged. These costs in the state court would stand like those in the supreme court of the United States, to be taxed, and, if taxable, allowed, or, if not, disallowed. Whether they were taxable or not is not now material, for they cannot now be passed upon here. No relief can be granted here in respect to them unless the taxation became an enforceable judgment of the state court as a separate thing, which it could not be, and also follow the case, as it had to, into this court. No reason is seen why the judgment in the superior court should not be set off against that in this court, nor why the set-off should not be decreed here, but without costs, because, without the other judgment, this court would have no jurisdiction, and in such case costs are not allowed. Rev. St. U. S. § 968.

Decree for plaintiff for set-off of the superior court judgment, without costs.