NATIONAL S. S. CO., Limited, v. TUGMAN.

(Circuit Court of Appeals, Second Circuit. July 21, 1897.)

1. APPEAL AND ERROR—JUDGMENT AFTER· REMOVAL.

Where removal of a cause to the United States circuit court is denied by a state court, and affirmed by the appellate and supreme courts of the state, but reversed, on appeal, by the supreme court of the United States,

and remanded to the state court, with directions to accept the bond tendered, and proceed no further in the case, a judgment in favor of the appellant for costs in the various courts, thereupon rendered by the state court, is a nullity.

2. JUDGMENTS IN SAME CASE—FAILURE TO OFFSET COSTS—EQUITABLE RELIEF.
Where removal of a cause has been denied by a state court, and it is carried by successive appeals to the supreme court of the United States, where it is reversed because removal was improperly denied, and the cause then proceeds in the United States circuit court, where, on final hearing, judgment is rendered against the appellant, he may, on motion, have his judgment for costs on reversal in the supreme court set off against or deducted from the amount of the recovery; and, if he fails to avail himself of this right, he cannot afterwards assert it in an equity proceeding.

3. SET-OFF—INTEREST ON JUDGMENT.
Where a judgment is properly allowed to be set off against another, the decree should include interest thereon at the legal rate from the date of the judgment.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

John Chetwood (J. Parker Kirlin, of counsel), for appellant.
Willard U. Taylor, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The proposition need not be controverted that upon the appeal of the complainant, the defendant in the suit in the state court, the appellate courts had jurisdiction to review the judgment appealed from, and, if a reversal had been adjudged, would have been authorized to order a judgment for the costs of the suit in his favor. But there was no judgment of reversal, or for costs, by either of the appellate courts. Consequently, upon the reversal by the supreme court of the judgment in the state court (because the suit had been properly removed to the United States circuit court, and thereafter the state court was without power to proceed further), the only authority of the state court was such as was conferred by the mandate of the supreme court. That mandate directed the state court to "accept the bond tendered" by the complainant, and "proceed no further in the cause." 1 Sup. Ct. 58. Thereafter all that the state court could properly do in the cause was to make the mandate its judgment. No action upon its part could add to, any more than it could detract from, the force of the mandate. The mandate did not direct the state court to render any judgment for costs in favor of the complainant. The general clause remanding the cause to the state court "in order that such execution and further proceedings may be had in the cause, in conformity to the judgment and the decree of this court above stated, as, according to right and justice and the constitution and laws of the United States, ought to be had therein," was not intended to override or modify the specific injunction to "proceed no further in the cause," but was inserted merely to authorize the state court to carry the mandate into execution by appropriate entries in the records of the court. It follows that the judgment thereafter rendered by the state court, awarding the complainant the costs of the action therein, including the appeals, was a nullity.

After the reversal by the supreme court, when the cause proceeded in the United States circuit court to which it had originally been properly removed, and a recovery was adjudged against the complainant upon the merits, it was open to him to apply to have his judgment for the costs of the reversal awarded by the supreme court set off against or deducted from the amount of the recovery. It was a judgment in the same cause. Having neglected to avail himself of this right, he has no standing to assert it in the present action. A court of equity will not assist a party to a remedy of which he could have availed himself in a court of law without expense, delay, or inconvenience to his adversary, but which he has deliberately neglected to assert. By his inaction, then, and by subsequently filing the bill in the present cause, the complainant has delayed his adversary for more than five years in collecting a just demand.

The court below, as appears by the opinion of Judge Wheeler (67 Fed. 16), intended to permit the other judgment of the complainant to be set off against the judgment of the present defendant. The interest upon this judgment was incident to it, and necessarily a part of it; but in formulating the decree nothing was stated respecting interest. The omission may have been a clerical oversight, or may have been considered of no materiality. If the appellant desires, the decree will be modified so that the amount to be offset shall include interest at the legal rate from the date of the rendition of that judgment. The decree of the circuit court is otherwise affirmed, and the cause is remitted to that court to decree in conformity with this opinion, with costs of this appeal against the complainant.