### 18605. LANG v. SOUTH GEORGIA INVESTMENT CO.

STEPHENS, J. 1. Whether or not, by a motion in arrest of judgment, a verdict and judgment may be attacked as nullities upon the ground that the verdict is in excess of the amount sued for, nevertheless where it is alleged in the petition that the amount sued for represents a balance due on an indebtedness arising under a promissory note and a contract, after crediting a certain amount derived from the sale of an automobile and adding a certain amount representing repairs made by the plaintiff upon the automobile, and that the defendant is indebted to the plaintiff for interest upon the amount sued for, but no amount representing interest and no date from which the interest can be calculated and no rate of interest are alleged, the verdict for the plaintiff, in so far as it finds a certain sum as interest to the date of the verdict, without reference to any date from which the interest is calculated, is perfectly consistent with the petition, which alleges interest generally, but in no amount and from no date, and is not in excess of the amount sued for, and the judgment upon the verdict, in so far as it provides for future interest at the specified rate of 8 per cent., is not in an amount in excess of that alleged and prayed for in the petition. Besides, the excessiveness of the verdict and judgment does not invalidate them. See *Holmes* v. *Reville,* 27 *Ga. App.* 552 (109 S. E. 417); *Wheeler* v. *Martin,* 145 *Ga.* 164 (3) (88 S. E. 951).

2. As all judgments bear interest from the date of rendition (Civil Code of 1910, § 3432), it is immaterial that the verdict found does not provide for future interest. The judgment therefore, in so far as it provides for future interest, is lawful, and is not invalid upon the ground that it does not follow the verdict. *Gray* v. *Conyers,* 70 *Ga.* 349 (3).

3. It is not essential to the·validity of a verdict that it be written upon the petition. It·is therefore no ground to set aside a verdict that it was written upon the back of a paper containing only a demurrer filed in the case. *Gittens* v. *Whelchel,* 12 *Ga. App.* 141 (3) (76 S. E. 1051), and cit.

4. Applying the above rulings, the court did not err in sustaining the demurrer to the motion to set aside the judgment.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 27, 1928.

*P. Q. Bryan,* for plaintiff in error. *Hoyt H. Whelchel,* contra.