## AMERICAN SURETY CO. v. CAMPBELL et al.

## CAMPBELL et al. v. AMERICAN SURETY CO.

### No. 9858.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1941.

Graham Wright, of Rome, Ga., and E. Clem Powers and Ralph Williams, both of Atlanta, Ga., for appellant and cross-appellee, American Surety Co.

Wm. F. Buchanan, of Atlanta, Ga., C. D. McCutchen, of Dalton, Ga., and Y. A. Henderson, J. A. Gregory, and J. H. Paschall, all of Calhoun, Ga., for appellees and cross-appellants.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Vaughan Sutherland, who held a policy of automobile liability insurance issued to him by the American Surety Company, was killed when his car overturned. Five suits demanding damages for injuries sustained in the accident were filed against his administrator in a state court of Georgia. The suits were not defended by the surety company, and judgments totalling $10,000 were obtained by the plaintiffs on May 24, 1939.

The insurer then sought a declaratory judgment in the federal district court, asserting its non-liability on the ground that the insured had breached the contract. The trial resulted in a judgment, dated December 23, 1940, directing the American Surety Company to pay said state-court judgments,

together with interest thereon from December 23, 1940, until paid. On direct appeal from that judgment the surety company contends that the adjudication of liability against it is erroneous, and on cross-appeal it is urged that the judgment should be corrected to bear interest from the date the judgments were obtained in the state court.

None of the errors assigned on direct appeal has merit, in our opinion; and we turn to the only reversible error, that relating to the question of interest, which is presented by the cross-appeal. The court below upheld the insurer's contention that interest on the judgments against it should begin to accrue only from the date of the judgments in the federal court.

Section 10 of the policy limits the company's liability to $10,000 for damages resulting from a single accident. By Section 0–1 of the contract the company agreed "to pay all sums which the Insured shall become liable to pay as damages. * * *" Section 0–IV required the insurer to pay all interest accruing after entry of judgment in connection with any obligation so established against its insured.

■ The limitation upon the total liability of the company was not a restriction upon all expenditures to be made by the company by reason of the policy. On the contrary, the limitation is expressly placed upon liability incurred through personal injuries and death. Provision is made for the payment of expenses and interest in a separate and distinct paragraph of the policy, indicating the intention of the parties that interest should be paid as a further consideration for the premiums, unlimited by any preceding provisions of the policy relating to its contingent liability otherwise.[1]

■ The judgments of the state court of Georgia pronounced the insured liable for damages in the sum of $10,000. These judgments, by Georgia law, bore interest at the rate of seven per centum per annum from the date of entry.[2] Therefore, the insurer, by the terms of its contract, became liable to its insured to pay the judgments against him and all of the interest accrued thereon, unless some reason or circumstance released it from its contractual ob-ligation. To determine whether or not it had been so released, the insurer filed this suit for declaratory judgment, and presented its defenses. Such suit was not an attack upon the judgments rendered in the state court; it was a contest to determine who should pay those judgments. The decree holding the insurer liable to pay the state-court judgments necessarily carried with it the incidental obligation to pay the interest accrued thereon.[3] No valid ground is here advanced to support a collateral attack on these judgments.

The judgment is affirmed on direct appeal, reversed on cross-appeal, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

[1] Cudahy Packing Company v. New Amsterdam Casualty Company, C.C., 132 F. 623.

[2] Gray v. Conyers, 70 Ga. 349; Lang v. South Georgia Investment Company, 38 Ga.App. 430, 144 S.E. 149; Georgia Code, Sections 57-108.

[3] Amis v. Smith, 16 Pet. 303, 10 L.Ed. 973; National Steamship Company v. Tugman, 2 Cir., 82 F. 246.