MARYLAND CASUALTY COMPANY, peticionaria, *v.* HON. PABLO JUAN TORO, JUEZ DEL TRIBUNAL DE PUERTO RICO, SECCIÓN DE SAN JUAN, demandado; CARLOS ACHA GAVARAÍN, interventor.

Núm. 1887.—*Sometido:* Marzo 9, 1951. *Resuelto:* Junio 26, 1951.

---

*F. Prieto Azúar,* abogado de la peticionaria; *F. Fernández Cuyar,* abogado del interventor, demandante en el pleito principal.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Maryland Casualty Company suscribió una póliza a favor de Lucinia Cintrón Torres, con un límite de responsabilidad de $5,000. Carlos Acha Gavaraín, interventor en el presente recurso, sufrió daños en un accidente en el cual fué arrollado por un automóvil cubierto por la póliza antes mencionada y para recobrarlos instó acción contra la compañía y la asegurada. El tribunal a quo declaró con lugar la demanda dictando sentencia por la cantidad de $10,034.25, más las costas y la suma de $1,000 por concepto de honorarios de abogado. Apelada la sentencia para ante este Tribunal, fué confirmada por opinión *per curiam* de 16 de junio de 1950.

Devuelto el caso al tribunal de distrito, la aseguradora consignó, en pago de la parte de la sentencia de que se consideró responsable, la cantidad de $5,815.65, correspondiendo $5,000 al límite de su responsabilidad bajo la póliza, $772.40 a los intereses legales sobre el total de la adjudicación desde mayo 3, 1949, fecha de la sentencia, hasta junio 30, 1950, y $43.25 para las costas, según memorándum del demandante.

Radicó entonces la asegurada, Lucinia Cintrón, una oposición a la moción de consignación, alegando que la aseguradora tenía que consignar además la cantidad de $1,000 co-

rrespondientes a los honorarios de abogado. Una petición similar fué radicada por el demandante Acha. El 21 de septiembre de 1950 el tribunal de distrito ordenó a la compañía aseguradora consignar los $1,000, más intereses legales desde la fecha de la sentencia original.

Expedimos el auto en este caso para revisar esta actuación del tribunal de distrito.

■■ El contrato de seguro celebrado entre Lucinia Cintrón y la aquí peticionaria establece que esta última pagará "all costs taxed against the insured in any such suit" y "the amounts incurred under this insuring agreement, . . . in addition to the applicable limit of liability of this policy." Además, se convino en dicho contrato que la compañía defenderá cualquier reclamación contra la asegurada, aunque sea fraudulenta, obligándose la asegurada a notificar inmediatamente cualquier demanda que se inste y que la asegurada deberá cooperar con la compañía en el trámite del litigio y no podrá excepto bajo su exclusiva responsabilidad, hacer un pago, asumir una obligación o incurrir en cualquier gasto. En otras palabras, la compañía, de acuerdo con los términos de la póliza, asumió control absoluto del litigio en este caso.

Basándose en estas disposiciones el interventor sostiene que la compañía viene obligada a pagar la condena de honorarios.

Sin entrar a considerar si la obligación asumida por la Maryland Casualty Company, además de incluir costas e intereses en exceso del límite de responsabilidad establecido en el contrato de seguro, también incluye la obligación de pagar los honorarios de abogado en exceso del referido límite, somos de opinión de que si la compañía, quien en virtud del contrato, como hemos visto, asumió el control absoluto del caso, decidió litigar, se colocó en la misma posición que cualquier otro litigante ante nuestras cortes y, por tanto, tiene la obligación de pagar los honorarios de abogado, si la corte determina, como lo hizo en este caso, que ha sido temeraria

de acuerdo con lo establecido en el artículo 327 del Código de Enjuiciamiento Civil, según enmendado por la Ley núm. 94 de 1937.[1]

No puede la compañía asumir el control del litigio para después de haber agotado todos los recursos a su disposición, y en un caso que claramente cae bajo las disposiciones del artículo 327 antes citado, alegar que el contrato de seguro celebrado con el causante del daño la releva de la responsabilidad de pagar los honorarios de abogado a que ha sido condenada. Si en vez de depositar en corte la cantidad constitutiva del límite de responsabilidad bajo la póliza, opta por litigar, está en la obligación, como cualquier otro litigante, de pagar honorarios de abogado. No puede escudarse tras la póliza para no pagar lo que a todo litigante temerario le impone la ley. La condena en honorarios, al igual que la de costas, es solidaria en estos casos y de su pago responde la compañía. *Cf. Cintrón* v. *Metro Taxicabs*, ante, pág. 215.

*Debe anularse el auto expedido.*

---

[1] Es de notarse que en la apelación del caso en su fondo la compañía no alegó como error que no era responsable del pago de honorarios de abogado bajo el límite de responsabilidad de la póliza, sino que la suma de $1,000 era exagerada.