ÁGUEDA RESTO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, HUMACAO PART, LUIS PEREYÓ, JUDGE, Respondent.

No. 2359.   Submitted June 10, 1957.—Decided June 24, 1957.

*Antonio J. Matta* for petitioner.

ON RECONSIDERATION

PER CURIAM.

Petitioner moves for reconsideration of our decision of June 3 of the current year denying the petition for certiorari.   She bases her motion on the ground that said petition raises a question which is novel in our jurisdiction, to wit: That the insurance company is liable for interest, as to the amount in excess of the policy coverage, which accrued on the total amount of the judgment while its appeal was

1

pending. In support of her contention she cites the doctrine laid down in the texts of Couch, *Cyclopedia of Insurance Law*, Vol. 7, pp. 6264 and 6265, and Appleman, *Insurance Law & Practice*, Vol. 8, p. 319. We copy from the latter:

"Some courts have held that the insurer is liable for interest which accrues while its appeal is pending. This would appear to be the only fair result, inasmuch as the insurer has control of the litigation, and can make its election to appeal irrespective of the insured's desires in the matter. It is also fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so."

The petitioner further cites the cases of *Ravenswood Hospital* v. *Maryland Casualty Co.*, 117 N.E. 485; *Consolidated Underwriters* v. *Richards' Adm'r*, 124 S.W. 2d 54; *Cudahy Packing Co.* v. *New Amsterdam Casualty Co.*, 132 Fed. 623, and *American Surety Co.* v. *Campbell*, 123 F. 2d 195, taken from the aforementioned textbooks but none of them is applicable to the facts herein. A mere reading of such cases prove it. Nor are the other cases cited by her applicable, to wit: *Quiñones* v. *Tropical Beverages*, 74 P.R.R. 338, and *Maryland Casualty Company* v. *District Court*, 72 P.R.R. 641.

However, the doctrine invoked by the petitioner has been followed in the following cases which she failed to cite: *Underwood* v. *Buzby*, 136 F. Supp. 957 (1955); affirmed with opinion in 236 F. 2d 937 (1956); *Wilkerson* v. *Maryland Cas. Co.*, 119 F. Supp. 383 (1953), affirmed, Per Curiam in 210 F. 2d 245 (1954); *Russom* v. *United Service Automobile Association*, 143 F. Supp. 790 (1956), affirmed with opinion in 241 F.2d 296 (1957).

An opposite theory is sustained in *Standard Acc. Ins. Co. of Detroit, Mich.* v. *Winget*, 197 F. 2d 97 (1952), Ninth

Circuit; *Morgan* v. *Graham*, 228 F. 2d 625 (1956), Tenth Circuit; and *Sampson* v. *Century Indemnity Co.*, 66 P. 2d 434 (1937).

■ After studying the question in issue we are convinced that the doctrine invoked rests on the construction given by the courts to certain clauses appearing in the insurance policies which provide that the insurer shall be liable for the costs and expenses of litigation as well as for the interest accrued from the date of the judgment until its payment or deposit in court, and that in the absence of such clauses no application has been given to that doctrine. Neither the averments of the petition for certiorari, nor the documents attached thereto afford any basis even to consider the possible applicability of such doctrine in Puerto Rico. Therefore, the motion for reconsideration is denied.

■ Contrary to our rule we have spent some time in stating the reasons why we have denied the petition for certiorari; but the unjustified language used by petitioner's attorney when he states in his motion ". . . and we sincerely hope that an impartial, unbiased consideration of the question will move this Court to reconsider its decision of June 3 as to this aspect of the interests," has compelled us to do so. It is not our function to do the work that corresponds to the attorneys in the fulfilment of their duty towards their clients and towards the courts, and we are remiss to take upon ourselves, in detriment to the other work which burdens this Court, the task of pointing out the defects of each certiorari proceeding filed in this Court, or the reason why such proceeding does not lie.

The motion for reconsideration will be denied.

Mr. Justice Marrero and Mr. Justice Sifre did not participate herein.