AGUEDA RESTO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, HON. LUIS PEREYÓ, JUEZ, demandado.

Número 2359.

*Sometido:* 10 de junio de 1957. *Resuelto:* 24 de junio de 1957.

*Antonio J. Matta,* abogado de la peticionaria.

EN MOCIÓN DE RECONSIDERACIÓN

*PER CURIAM:* La peticionaria solicita la reconsideración de nuestra resolución de 3 de junio del año en curso declarando sin lugar la solicitud de *certiorari.* Aduce como fundamento que en dicha solicitud se plantea una cuestión nueva en esta jurisdicción, a saber: Que la compañía aseguradora responde de los intereses, sobre el exceso del límite de la póliza, que devengó la suma total de la sentencia durante el trámite de la apelación. En apoyo de su contención cita

1

la doctrina expuesta en las obras de Couch, *Cyclopedia of Insurance Laws*, Tomo 7, págs. 6264 y 6265 y Appleman, *Insurance Law & Practice*, Tomo 8, pág. 319. Copiamos de este último:

"Algunas cortes han sostenido que el asegurador es responsable de los intereses devengados mientras su apelación esté pendiente. Esto parecerá ser el único resultado justo ya que el asegurador tiene el control del litigio y puede hacer su elección de apelar prescindiendo del deseo que pueda tener el asegurado en el asunto. También es justo obligar al asegurador a pagar todos los intereses devengados en exceso del límite de la póliza por la razón de que el asegurado puede desear pagar el exceso de la sentencia y así evitar que se acumulen intereses, pero el control del litigio por el asegurador le impide hacerlo."

La peticionaria cita además los casos de *Ravenswood Hospital* v. *Maryland Casualty Co.*, 117 N.E. 485; *Consolidated Underwriters* v. *Richards' Adm'r.*, 124 S.W. 2d 54; *Cudahy Packing Co.* v. *New Amsterdam Casualty Co.*, 132 Fed. 623 y *American Surety Co.* v. *Campbell*, 123 F.2d 195, tomados de las obras arriba mencionadas, pero ninguno de ellos es de aplicación a los hechos envueltos en este recurso. Una simple lectura de dichos casos, así lo demuestran. Tampoco tienen aplicación alguna los otros casos que cita, a saber: *Quiñones* v. *Tropical Beverages*, 74 D.P.R. 364 y *Maryland Casualty Company* v. *Tribunal de Distrito*, 72 D.P.R. 686.

Sin embargo, la doctrina invocada por la peticionaria ha sido seguida en los siguientes casos, no citados por ella: *Underwood* v. *Buzby*, 136 F. Supp. 957 (1955), confirmado con opinión en 236 F.2d 937 (1956); *Wilkerson* v. *Maryland Cas. Co.*, 119 F. Supp. 383 (1953), confirmado, *Per Curiam*, en 210 F.2d 245 (1954); *Russom* v. *United Service Automobile Association*, 143 F. Supp. 790 (1956), confirmado con opinión en 241 F.2d 296 (1957).

Una tesis contraria se sostiene en *Standard Acc. Ins. Co. of Detroit, Mich.* v. *Winget*, 197 F.2d 97 (1952) del Noveno Circuito; *Morgan* v. *Graham*, 228 F.2d 625 (1956) del Dé-

cimo Circuito y *Sampson* v. *Century Indemnity Co.*, 66 P.2d 434 (1937).

■ Una vez que hemos estudiado la cuestión envuelta estamos convencidos de que la doctrina invocada descansa en la interpretación que las cortes han dado a ciertas cláusulas de las pólizas de seguro en virtud de las cuales el asegurador se obligaba a pagar las costas y gastos del litigio así como los intereses devengados desde la fecha de la sentencia y hasta su pago o consignación en corte, y que en ausencia de tales cláusulas no se ha dado aplicación a dicha doctrina. Ni las alegaciones de la petición de *certiorari*, ni los documentos que la acompañan dan una base siquiera para considerar la posible aplicabilidad de dicha doctrina en Puerto Rico. Por esa razón procede declarar sin lugar la moción de reconsideración.

■ Contrario a la regla seguida generalmente por nosotros, hemos invertido algún tiempo para exponer las razones que hemos tenido para declarar sin lugar la petición de *certiorari*; pero el lenguaje injustificado usado por el abogado de la peticionaria cuando dice en su moción ".... y esperamos sinceramente que una consideración imparcial, sin apasionamiento de la cuestión lleve a este Tribunal a reconsiderar su resolución de 3 de junio en cuanto a este aspecto de intereses se refiere", nos ha obligado a ello. No es nuestra función realizar la labor que corresponde a los abogados en el cumplimiento de su deber para con sus clientes y para con los tribunales y no estamos dispuestos a dedicarnos, en perjuicio de la demás labor que pesa sobre este Tribunal, a señalar los defectos de que adolezca cada recurso de *certiorari* que se inste ante nos o las razones por las cuales el recurso sea improcedente.

*Se dictará una resolución declarando sin lugar la moción de reconsideración.*

Los Jueces Asociados Sres. Marrero y Sifre no intervinieron.