### 63262. DEPARTMENT OF TRANSPORTATION v. DELTA MACHINE PRODUCTS COMPANY et al.

CARLEY, Judge.

The instant appeal relates to the application of Code Ann. § 57-108, as amended (Ga. L. 1980, p. 1118), which provides that, effective July 1, 1980, "all judgments in this state shall bear interest upon the principal amount recovered at the rate of 12 per cent per year." The issue presented for resolution is whether this statutory change in the rate of interest on judgments applies to an outstanding judgment entered before the effective date of the 1980 amendment.

The facts necessary for a resolution of the issue before us are uncontroverted. On December 7, 1979, the trial court entered judgment on a jury verdict in favor of appellee-condemnee in the amount of $23,810.00, which sum represented the difference between the amount of the jury verdict and the amount of appellant-condemnor's initial deposit into court made pursuant to Code Ann. § 95A-605(b). The judgment further provided for "interest at the lawful rate of seven per cent per annum [on the $23,810.00] from the date of taking, May 11, 1978." Subsequent to the entry of judgment, the appellant-condemnor appealed to this court and the judgment of the trial court was affirmed. See *Dept. of Transp. v. Delta Machine &c. Co.,* 157 Ga. App. 423 (278 SE2d 73) (1981). The trial court entered judgment on the remittitur on April 7, 1981. On April 16, 1981, the appellant-condemnor deposited $28,718.77 into the registry of the court. This amount represented the principal amount owed of $23,810.00 plus $4,908.77 in interest which had accrued at the rate of seven percent per year from the date of taking, May 11, 1978, to the date of final deposit, April 16, 1981.

On April 22, 1981, prior to the withdrawal of the aforesaid funds, appellee-condemnee filed a motion to amend the judgment entered on December 7, 1979, "so as to conform to [Code Ann. § 57-108, as amended] and to provide that the amount of $23,810.00 . . . bear interest at the lawful rate of seven (7%) per cent per annum from the date of taking, May 11, 1978, to July 1, 1980, and (R-12) . . . thereafter . . . at the lawful rate of twelve (12%) per cent per annum." This motion was granted and the 1979 judgment was amended to reflect that from the effective date of the 1980 amendment to Code Ann. § 57-108 until the date of final deposit by the appellant-condemnor, appellee-condemnee was entitled to receive interest at the rate of 12% per year on the principal owed of $23,810.00. Accordingly, the appellant-condemnor was ordered to pay appellee an additional sum of $942.60 representing interest on the judgment at 12% rather than 7% from July 1, 1980, to April 16, 1981. Appellant-condemnor

appeals from the judgment as thus amended.

1. Interest in condemnation proceedings under Code Ann. Ch. 95A-6 is payable to the condemnee in two separate categories. As part of the "just and adequate compensation" awarded, the final judgment should include interest from the date of taking to the date of final judgment on that portion of the jury verdict which exceeds the amount previously paid into court — pre-judgment interest. The second category of interest in condemnation proceedings is payable on the principal amount of the judgment from the date the judgment is entered until the date the judgment is paid — post-judgment interest. Code Ann. § 95A-616. We note at the outset that as to judgments rendered *after* July 1, 1980, this court has held that "post judgment interest in a condemnation action should be awarded at the rate of 12 percent per annum, in accordance with Code Ann. § 57-108 (as amended by Ga. L. 1980, p. 1118)" and that this amendment "supersedes Code Ann. § 95A-616 insofar as the latter deals with the rate of interest applicable *after* final judgment." *Dept. of Transp. v. Vest,* 160 Ga. App. 368, 370 (3) (287 SE2d 85) (1981): Accord, *Dept. of Transp. v. Cochran,* 160 Ga. App. 583, 586 (287 SE2d 599) (1981).

Appellant-condemnor contends that all rights and obligations of the parties in the instant case, including the right of appellee-condemnee to receive and the obligation of appellant-condemnor to pay post-judgment interest at the rate of 7% per year, had vested prior to July 1, 1980, the effective date of the 1980 amendment to Code Ann. § 57-108. Thus, appellant-condemnor further reasons that the action of the trial court in amending the judgment in question amounted to an impermissible retroactive application of the statute because that action affected previously vested rights and obligations.

The courts of other jurisdictions are divided on the issue of whether interest on an outstanding judgment is affected by a subsequent change in the statutory rate. One line of cases views interest on judgments as a contractual obligation, while the majority of jurisdictions treat it as an obligation imposed by law as prescribed by the legislature. See Annot. 4 A.L.R. 2d 932 (1949); 45 AmJur2d, Interest and Usury § 11 (1969). Courts adhering to the minority contractual theory hold that the statutory interest rate is not affected by subsequent amendments changing the rate of interest. Sunray DX Oil Co. v. Great Lakes Carbon Corp., 476 P2d 329 (Okl. 1970); Sammons Enterprises, Inc. v. Manley, 554 SW2d 205 (Tex. Civ. 1977); Bartlett v. Heersche, 496 P2d 1314 (Kan. 1972). On the other hand, those courts regarding interest on judgments as a matter of statutory obligation hold the rate of interest on the judgment is subject to later change by law, the change occurring on the effective

date of the new statute. Noe v. City of Chicago, 307 NE2d 376 (Ill. 1974); Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 37 P2d 407 (Idaho 1934); Ridge v. Ridge, 572 SW2d 859 (Ky. 1978); White v. St. Louis-San Francisco R. Co., 602 SW2d 748 (Mo. App. 1980); Senn v. Commerce-Manchester Bank, 603 SW2d 551 (Mo. 1980); McBride v. Superior Court of the State of Arizona, 635 P2d 178 (Ariz. 1981).

While recognizing the foreign authority to the contrary, we find that *Mayor &c. of Macon v. Trustees of Bibb County Academy,* 7 Ga. 204 (1849) is dispositive of the issue in this state and requires a holding in the instant case consistent with the result mandated by, if not the underlying rationale of, the minority view. Code Ann. § 57-108 is founded, in part, upon an 1845 statute (Act 1845, Cobb's Digest, pp. 393, 394) which, in effect, lowered the maximum allowable rate of interest on judgments from 8% to 7% per year. See *Daniel v. Gibson,* 72 Ga. 367 (1884). The Supreme Court held in *Macon* that the Act of 1845 "was *prospective* in its operation, and did not embrace any debt due prior to its enactment, either by contract, or as a debt of record." *Macon* at 206. Accordingly, the Supreme Court ruled that a judgment rendered in 1848, but which was founded on a debt in existence prior to the effective date of the 1845 statute, bore interest at 8% per year, the rate of interest in effect when the debt came into existence.

Applying the holding of *Macon* to the instant case, we find that the 1980 amendment to Code Ann. § 57-108 increasing the rate of interest on judgments to 12% "was prospective in its operation, and did not embrace any debt due prior to its enactment." If the Act of 1845 "amending" prior law with regard to the rate of interest on judgments was prospective in its application, it follows that, absent a clear legislative intent to the contrary, a subsequent amendment to the codification of that Act should likewise be applied prospectively only. Cf. *Maynard v. Marshall,* 91 Ga. 840, 841 (2) (18 SE 403) (1893). The law of this State is that "unless a statute either expressly or by necessary implication, shows that the General Assembly intended that it operate retroactively, it will be given only prospective application. [Cits.]" *Anthony v. Penn,* 212 Ga. 292, 293 (92 SE2d 14) (1956); Code Ann. §§ 2-107 and 102-104. The 1980 amendment to Code Ann. § 57-108 neither expressly nor by implication shows a legislative intent that it should be applied to judgments rendered prior to its effective date. Thus, the judgment in the instant case entered on December 7, 1979, bearing interest at the rate of 7% per year was not affected by the 1980 amendment.

We find no merit in appellee-condemnee's contention that application of the new rate of interest from the effective date of

the amendment only would result in a prospective rather than retroactive application of the amendment. First, no language in the statute indicates a legislative intent that the amendment should be applied to the judgments already in existence prior to July 1, 1980. Had the legislature so intended it could easily have made the 12% rate applicable to pre-existing judgments after the effective date of the amendment. Secondly, in our view, the construction urged by appellee-condemnee would result in a retroactive application of the new rate if applied to judgments which had already become final. "[A]mending statutes . . . are to be construed as intended to have operation on *future transactions* only . . . [and not] to retroact upon [transactions] . . . in existence when the amending law was passed . . ." (Emphasis supplied.) *Maynard,* 91 Ga. at 845, supra. Moreover, to the extent that such construction would cast doubt and uncertainty upon the rights and liabilities of the parties as fixed by judgments under the law as it existed prior to July 1, 1980, it would violate the principle of finality of judgments.

For the foregoing reasons we conclude that the 1980 amendment providing that judgments shall bear interest at the rate of 12% per year is to be applied only to judgments actually entered *after* the effective date of the statute. Accordingly, the trial court erred in amending the judgment of December 7, 1979.

2. The remaining enumeration of error has been rendered moot by the holding in Division 1 of this opinion.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 4, 1982.

*Michael J. Bowers, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, William C. Joy, Assistant Attorney General,* for appellant.

*William G. Tanner,* for appellees.