### 68517. STINSON v. GEORGIA DEPARTMENT OF HUMAN RESOURCES CREDIT UNION.

DEEN, Presiding Judge.

Appellee Credit Union brought suit against appellant Ralph Stinson on March 29, 1983, alleging that he had defaulted on a promissory

note and was indebted to it in the amount of $5,146.64 principal and interest and $771.99 attorney fees. Appellant filed an answer denying the indebtedness and a demand for jury trial. When the case was called for trial on November 30, 1983, appellant failed to appear in person or through counsel and the trial court ordered that the answer be stricken and default judgment be entered for appellee in the amount of $6,546.47, including interest as a liquidated sum under the note together with interest on the judgment at the rate of 12% per annum and costs of the action. Appellant's motion that the default judgment be set aside or in the alternative that a new trial be granted was denied, and he appeals.

1. Appellant's first enumeration of error, that the trial court erred in not making written findings of fact and conclusions of law, is without merit. Where upon motion by the plaintiff the trial court strikes the defensive pleadings under the three-minute rule and enters judgment for the plaintiff, neither findings of fact nor conclusions of law are required by OCGA § 9-11-52. *Jones v. Christian*, 165 Ga. App. 165 (1) (300 SE2d 1) (1983); *Galanti v. Emerald City Records*, 144 Ga. App. 773 (3) (242 SE2d 368) (1978).

2. Appellant next complains that the trial court erred in awarding appellee an unliquidated sum as a liquidated amount. However, the difference between the amount stated in the complaint and the amount awarded in the judgment eight months later was computed pursuant to the terms of the note, which provided for interest of 1.5% on the delinquent unpaid balance and 15% attorney fees. " 'A debt is liquidated when it is rendered certain what is due and how much is due. That certainty need not be contemporaneous with the agreement out of which it results.' [Cits.]" *Galanti v. Emerald City Records,* 144 Ga. App. 773 (1), supra. The attorney fees were within the allowable limits of OCGA § 13-1-11 (a) (1) and were also a liquidated amount under the note. *Bulman v. First Nat. Bank*, 165 Ga. App. 843 (303 SE2d 29) (1983). "Since all these items are deemed established by [appellant's] failure to appear, and the striking of his response, the exact amount due is easily ascertainable by simple mathematical calculation, and the damages are liquidated. [Cit.]" *Galanti*, supra, at 774. Therefore, it was not error for the trial judge to enter default judgment without hearing evidence.

3. Likewise, appellant's objections as to the excessiveness of the judgment awarded are contravened by OCGA §§ 7-4-12 and 9-12-10. No specific demand for future interest was necessary, since interest on the principal sum due on the original debt is recoverable under these statutes at the rate of 12% per year when judgment is entered thereon. See *Lang v. South Ga. Investment Co.*, 38 Ga. App. 430 (1) (144 SE 149) (1928); *Southern Loan Co. v. McDaniel*, 50 Ga. App. 285 (2) (177 SE 834) (1934).

4. Nor are we persuaded by appellant's arguments that default judgment was improperly granted against him. The record does not support his contention that service was defective or insufficient; moreover, since appellant failed to raise this defense in his responsive pleadings as required by OCGA § 9-11-12 (b) (4), it was therefore waived. OCGA § 9-11-12 (h); *White v. Johnson*, 151 Ga. App. 345 (1) (259 SE2d 731) (1979); *Hill v. Hill*, 143 Ga. App. 549 (1) (239 SE2d 154) (1977). The record also reflects, contrary to appellant's contention that he was not notified of when to appear at trial, that a letter containing full instructions as to the time of trial was sent to and received by appellant, and that repeated efforts were made to reach him without avail at the telephone number he provided to the clerk's office.

5. Appellant's assertion that appellee was not entitled to judgment by default until the expiration of 15 days after the date of trial is evidently predicated upon his misapprehension that the provisions of OCGA § 9-11-55 (a) dealing with opening a case when an answer has not been timely filed are also applicable where a default judgment has been entered, and cannot be sustained. "Our law distinguishes between a default, which involves an interlocutory matter, and a default judgment, which represents final judicial action and the vesting of rights. [Cits.]" *Clements v. United Equity Corp.*, 125 Ga. App. 711, 712 (188 SE2d 923) (1972). Accord *Johnson v. Cook*, 130 Ga. App. 575 (1) (203 SE2d 882) (1974). Moreover, the trial court's refusal to grant appellant's motion to set aside the judgment or in the alternative for new trial was mandated by appellant's failure to comply with OCGA § 9-11-55 (b). Not only did appellant fail to pay the costs, he made no showing under oath of any meritorious defense, and these statutory requirements are conditions precedent in the absence of which the trial court has no discretion to open the default. *Hazzard v. Phillips*, 249 Ga. 24 (1) (287 SE2d 191) (1982); *Global Assoc. v. Pan American Communications*, 163 Ga. App. 274 (1) (b) (293 SE2d 481) (1982); *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228 (202 SE2d 698) (1973). Since appellant's motion alleging only that the "note was [a] fringe benefit provided to and for Department of Human Resources employees" clearly did not qualify as a meritorious defense and he paid no costs, the trial court did not err in refusing either to open the default or to set aside the judgment.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 22, 1984.

Ralph Stinson, *pro se.*

*A. Joseph Nardone, Jr.,* for appellee.