73714, 73715. WEST v. JAMISON; and vice versa.
(356 SE2d 659)

BIRDSONG, Chief Judge.

Arbitration Award. In 1983 McDonough, Ltd. (a partnership) desired to construct a 48-unit apartment complex to be financed by the Farmers Home Administration. The partner charged with construction contacted Jamison, an architect, to develop preliminary drawings for the complex in accordance with other, earlier developments, constructed by McDonough, Ltd. and designed by Jamison. As testified to by Jamison, this involved Jamison's beginning the drawings and presenting these preliminary drawings to the owners prior to any contract being executed. After the initial drawings had been prepared and tentatively accepted by McDonough, Ltd., Jamison prepared a standard architectural contract, signed it with his terms and forwarded the contract to McDonough, Ltd. for execution. Jamison agreed to do all necessary architectural work for a flat fee of $36,000. After submitting the preliminary drawings and the signed contract to West for approval, the project lay fallow for well over a year.

Jamison became aware that a controversy had developed with the zoning authority, the City of McDonough. As developed at the hearing, it appears that McDonough, Ltd. owned 6 acres of land upon which to develop the complex but apparently wished to use only 4.9 acres. Because of the topography of the land and the amount of acreage presented to Jamison for the design of the 48 units, Jamison had to make changes in the designs and density of the several buildings. These designs when presented to the Farmers Home Administration were accepted and financing was indicated as probable. However, when the design was presented to the City of McDonough, the design was held not to meet the density requirements of the zoning of the city. Ultimately after litigation, the density projected by the designs was held not to violate zoning restrictions. West (the general partner of McDonough, Ltd.) then recontacted Jamison and sought to have Jamison redesign in great part the complex because the apartments would be redistributed on six acres rather than 4.9 acres. Jamison refused to wholly redesign the complex unless West paid as additional services for the redesign. When the parties could not come to an agreement, West fired Jamison as the architect of the project. In accordance with the provisions of the architectural contract, Jamison demanded arbitration and after the required procedures, the contract dispute was settled by an arbitrator.

The principal dispute between the owner and the architect in-

volved the unilateral addition by West in the pre-signed contract submitted to West by Jamison of a payment provision that the payment for architectural services would not become effective until and unless the construction was actually commenced. We note that such an addition was in contradiction of Article 6 of the contract. It is disputed whether the parties ever agreed to this addition to the contract. Jamison argued before the arbitrator that the contract was generally to be upon the same terms as those which had been used in prior arrangements between the parties and there had never been such a provision for construction to antecede payment for architectural services. Jamison also contended that this clause had not been placed in the contract until after the dispute had arisen between McDonough, Ltd. and the City of McDonough, placing the commencement of construction in doubt. At a meeting at which the resumption of the work was discussed, Jamison and West confronted each other with the added provision concerning commencement of construction. Although Jamison contended he never agreed to the addition of that clause, immediately below that clause is yet another sequentially numbered clause admittedly agreed to by both parties, that if additional services were rendered without the commencement of construction, West would pay for such services as out-of-pocket expenses. This added provision, however, is not necessarily in contravention of Article 6. There were certain services rendered and West paid Jamison $4,636.77 for such additional services. West contended before the arbitrator that by agreeing to the last clause for payment for additional services even in the absence of commencement of construction, Jamison likewise agreed to the immediately preceeding clause declaring the contract null and void if no construction was commenced.

Part of the payment schedule in the contract contemplated periodic payments based upon performance and provided for 25 percent to be paid at the completion of the Schematic Design Phase, 20 percent at completion of the Design Development Phase, 35 percent at completion of the Construction Documents phase and 20 percent during the construction phase. It is clear from the contract that all of the design drawings had to be completed and accepted prior to the beginning of construction. The responsibility during construction was to make necessary design revisions and to see that the work proceeded in accordance with the designs. Prior to the delay, Jamison had submitted a bill to West for payment of $27,000 for completion of 75 percent of the work under the contract.

After conducting a hearing at which West was present and was represented by counsel and Jamison represented himself pro se, the arbitrator entered an award in favor of Jamison for the entire amount of the architectural fee. It appears that the award was based upon the total fee of $36,000, plus a termination fee of $1,800, contractually

provided interest at .015 percent for eight months in the amount of $3,979.59, and arbitration costs in the amount of $863.26 less the prepayment of $4,636.77 for additional services, such award being calculated by the arbitrator in the amount of $38,006.08. West declined to pay the fee determined to be due by the arbitrator. Jamison then petitioned the superior court for judgment upon the arbitration award pursuant to the provision of OCGA § 9-9-92. The superior court confirmed the award of the arbitrator. West has filed his appeal and Jamison has filed a cross-appeal contending the court erred in not awarding post judgment interest. *Held*:

West bases his (main) appeal upon four asserted errors. Prior to assessing the validity of these enumerations, we must first examine the predicate for the trial court's judgment. OCGA § 9-9-92 mandates that the court shall confirm an award upon application unless the award is vacated or modified by the court. The court may vacate an award of an arbitrator if the court determines that a party to the arbitration was prejudiced by: (1) corruption, fraud, or misconduct in the procurement of the award; (2) partiality of an arbitrator; (3) an overstepping by an arbitrator of authority or such imperfect execution of such authority that a final and definite award upon the dispute at issue was not made; and, (4) a failure to follow arbitration procedures, unless such failure is waived by continuance of the arbitration procedures after the failure without objection. OCGA § 9-9-93. See *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708). The court may modify an award if there has been a clerical miscalculation of figures or a mistake in a description of a person, thing or property, if the award is based upon a matter not submitted for arbitration and the award may be corrected without affecting the merits of the decision, or if the award is imperfect in form not affecting the merits of the controversy. If the award is modified, the court must affirm the modified award; otherwise, the arbitrator's award must be affirmed. OCGA § 9-9-94.

Our examination of the record and transcript in this case makes it manifestly clear that neither party to this appeal contends the award of the arbitrator is infected with fraud, corruption or misconduct in the procurement of the award. Neither is there any assertion that the arbitrator displayed partiality. While it is not shown of record or the transcript that the arbitrator caused himself to be sworn prior to the commencement of the arbitration hearing as required by OCGA § 9-9-88 (a), subsection (g) of that section provides that a requirement of § 9-9-88 shall be waived by continuing with the arbitration without correcting the deficiency or without objecting to the omission. Likewise, we must conclude that neither party to this appeal seriously is contending the arbitrator made clerical errors such as those contemplated in § 9-9-94 and which may be corrected by modi-

fication prior to confirmation.

Thus the only basis for alleged error is that provided in subsection 9-9-93 (3) wherein it may be contended the arbitrator so imperfectly executed his authority that a final and definite award based upon the issue submitted was not made. Within this context, we examine West's contentions that the arbitrator erred in granting Jamison's claim because of the condition precedent that no architectural fees were due until construction was begun, a condition that never came to fruition; that Jamison was estopped from an award because he breached the contract by refusing to revise the designs; that Jamison was not due a full recovery because Jamison did not fully perform under the contract; and finally that the arbitrator failed to follow necessary procedure by failing to have himself sworn.

In relation to the first two of these allegations of error by West, we are constrained to conclude that these issues were fully developed and presented to the arbitrator at the hearing. By his award the arbitrator concluded that Jamison had completed all the required architectural drawings and these had been accepted by West (McDonough, Ltd.) One issue submitted to the arbitrator was that Jamison relied on past experience with McDonough, Ltd. and based thereon prepared a contract substantially identical to previous ones and signed that contract at the time he submitted it. There was evidence that these earlier contracts did not require construction to commence before payment was due for the architectural drawings. The validity and acceptance or non-acceptance of the condition precedent was hotly disputed at the hearing. The question of the applicability of the statute of frauds was presented. In short, we are satisfied the arbitrator did not overstep his bounds in deciding the issues of the applicability of the condition precedent and the asserted breach of contract by Jamison, and that after considering the evidence and the issues, the arbitrator made a final and definite award upon each of those issues. As to the failure to have himself sworn prior to commencement of the substantive portions of the hearing, it is clear that counsel for West was present and proceeded with the hearing to its conclusion without objecting to the omission. Under the statute, this procedural omission therefore was waived.

We must reach a different conclusion, however, in relation to West's third enumeration of error. West there complains the arbitrator made a full award for the completion of the entire contract even though Jamison did not fully satisfy his obligation. There is merit to this complaint. The record discloses that after Jamison had completed all the drawings, submitted them to McDonough, Ltd. and these had been accepted and used by McDonough to obtain tentative approval for financing of the apartment complex by the Farmers Home Administration, there still remained the obligation by Jamison

to supervise the construction phase, i.e., that the construction conformed to the designs. Jamison himself in September, 1983, submitted a bill for $27,000 for services rendered, with 5 percent for revisions and 20 percent for contract administration. The contract itself in effect provided for 80 percent of the contract price to become due upon completion of the design drawings and 20 percent due after the construction phase. It would appear therefore the arbitrator made an imperfect execution of this part of the award by overstepping his authority when awarding 100 percent of the agreed value of the architectural services when less than 100 percent of those services had been performed. The superior court likewise erred in affirming the erroneous award.

In regard to the cross-appeal by Jamison, he contends the judgment of the superior court did not provide for post-judgment interest pending collection of the judgment. It is noted that in his claim to the arbitrator Jamison sought collection costs, costs of arbitration, interest provided by the contract in addition to the contractual fees for services rendered showing the grand total of his claim to be $38,006.08, the exact amount of the arbitrator's award. In his petition for judgment to the superior court, Jamison in substance repeated these same demands. In its judgment confirming the award, the superior court affirmed in full the award of the arbitrator, who had granted each of Jamison's prayers for relief. As for post-judgment interest at the rate of 12 percent, such interest is inherent in the judgment whether specifically mentioned in the judgment of the superior court as all judgments bear interest from date of rendition and it is immaterial that the verdict or judgment does not provide for future interest. OCGA § 7-4-12. *Lang v. South Ga. Inv. Co.*, 38 Ga. App. 430 (144 SE 149). However, while a judgment may legally be entered for the principal sum and interest due on the claim on which sued to the date of judgment, that judgment may bear interest from the date of judgment only on the principal sum. The interest found to be due at date of the judgment may not bear interest. *Southern Loan Co. v. McDaniel*, 50 Ga. App. 285 (177 SE 834). Upon remand, the trial court may cure any deficiency in the wording of its judgment.

Based upon the foregoing, the judgment of the superior court is affirmed in part and reversed in part. The judgment is remanded to the superior court for action not inconsistent with the decision of this court and the provisions of OCGA § 9-9-93 (d).

*Judgments affirmed in part, reversed in part and cases remanded. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1987.

*C. George Newbern*, for appellant.