A90A1443, A90A1444. NODVIN v. WEST et al.; and vice versa.
(397 SE2d 581)

BIRDSONG, Judge.

Appellant Marvin P. Nodvin, an attorney, sued his former clients, appellees Thomas B. and Mildred B. West, in four counts for professional fees and interest allegedly owed to Nodvin, for damages and fraud, seeking, inter alia, punitive damages and expenses of litigation.

In February 1986, the trial court issued an order vacating and setting aside its prior order of December 1985, which denied appellant's motion in summary judgment, and granted appellant partial summary judgment against appellees, as follows: (a) As to appellant's claim for legal services relating to one Patterson, "in the amount of $10,488.71 principal, interest at 1.5% per month of $14,040.23, making a total of $24,488.94 [sic], plus costs"; and (b) as to appellant's claim for legal services relating to one Hewatt, "in the amount of $16,494.09 principal, interest at 1.5% per month of $18,845.90, making a total of $35,339.99, plus costs." The arithmetical error as to the total claim relating to Patterson was subsequently corrected by amendment of the order to reflect a total of $24,528.94. The trial

court in its February 1986 order also provided that, "[t]here being no reason for delay, these partial summary judgments are ordered to be made the final order of this court solely as to the issues and amounts adjudicated." The order did not expressly provide for post-judgment interest.

In *West v. Nodvin*, 183 Ga. App. 645 (359 SE2d 729), this court affirmed the trial court's action striking certain affidavits of appellees and granting summary judgment to Nodvin; however, the issues therein addressed are not dispositive of the issues raised in the case sub judice.

In April 1988, appellant filed a motion for clarification as to accrual of damage, in essence requesting the trial court to specify that post-judgment interest runs on the amounts awarded by the partial summary judgment order, as amended, at the rate of 1.5 percent per month. On February 9, 1989, the trial court entered an order holding that the judgment of February 1986 bears no post-judgment interest. This order was subsequently vacated by rule nisi, filed February 16, 1989, following appellant's motion for reconsideration.

On November 20, 1989, the trial court entered an order holding, inter alia, "that the [j]udgment at issue includes 12% annual [post-judgment] interest on the specified principal sums only, until the date paid." Appellant has timely appealed this order, and appellees have cross-appealed, after this court denied application for interlocutory appeal, concluding "it appears to the court that the order which is the subject of the application is an order clarifying an earlier judgment of the court made final by the certificate of the trial judge pursuant to OCGA § 9-11-54 (b). Accordingly, the order . . . is not interlocutory within the purview of OCGA § 5-6-34 (b). . . ." *Held*:

1. We are satisfied that the order of November 20, 1989, is subject to direct appeal. Courts are vested with constitutional authority to "exercise such powers as necessary in aid of its jurisdiction or to *protect or effectuate* its judgments. . . ." (Emphasis supplied.) Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Further, a court has broad statutory power to correct clerical mistakes, and to correct errors arising from oversight or omission (OCGA § 9-11-60 (g)). See generally *Williams v. Stancil*, 119 Ga. App. 800 (1) (168 SE2d 643). The trial court, by its order of November 20, 1989, in an obvious attempt to effectuate properly its prior grant of partial summary judgment clarifies its judgment by holding "that the [j]udgment at issue includes 12% annual interest on the specified principal sums only, until the date paid." The order granting partial summary judgment was certified as final, pursuant to OCGA § 9-11-54 (b), and this determination is still in effect. Further, we find that by subsequently clarifying the express contents of the order, which inter alia granted partial summary judgment, the trial court has clarified the *omission* in its judg-

ment as to post-trial interest, which in essence is tantamount to corrective action under OCGA § 9-11-60 (g). Such corrective action constituted a final order which is directly appealable. Compare *Brooks v. Fed. Land Bank*, 193 Ga. App. 591 (1) (388 SE2d 704) (physical precedent only) with *Crawford v. Kroger Co.*, 183 Ga. App. 836 (1) (360 SE2d 274) (whole court).

Any other interpretation would thwart the true intent of the trial court as evidenced, not only by its certification of its partial summary judgment as final, but also by its attempted certification of the clarification order for immediate review.

As notice of direct appeal was filed within 30 days of the filing of the clarifying order, which reissued for a limited purpose the partial summary judgment that was certified as final under OCGA § 9-11-54 (b), it is timely. See generally OCGA § 5-6-38; cf. *Wills v. McAuley*, 166 Ga. App. 4 (1) (303 SE2d 26).

### I. Case No. A90A1444

2. Cross-appellants, the Wests assert, relying inter alia upon *Bowers v. Price*, 171 Ga. App. 516 (320 SE2d 211), that the trial court erred by holding that post-judgment interest accrues to the principal awarded in a final partial summary judgment, even though the order granting partial summary judgment did not contain a written specific provision for the recovery of post-judgment interest. We disagree.

In *West v. Jamison*, 182 Ga. App. 565 (356 SE2d 659), decided April 7, 1987, *before* the effective date of the 1987 amendment to OCGA § 7-4-12 which added the provision that post-judgment interest "shall apply automatically to all judgments in this state and . . . shall be collectable as a part of each such judgment whether or not such judgment specifically reflects the entitlement to such interest," this court held that "[a]s for post-judgment interest *at the rate of 12 percent*, such interest is inherent in the judgment whether specifically mentioned in the judgment of the superior court as all judgments bear interest from date of rendition and it is immaterial that the verdict or judgment does not provide for future interest." (Emphasis supplied.) Id. at 569, citing *Lang v. South Ga. Inv. Co.*, 38 Ga. App. 430 (2) (144 SE 149), decided July 27, 1928; see also *Stinson v. Ga. Dept. &c. Credit Union*, 171 Ga. App. 303 (3) (319 SE2d 508), citing *Lang*, supra.

The judgment at issue in this case is distinguishable from that in *Bowers*, supra. In *Bowers*, counsel for the judgment creditor was advised to secure from the trial court an amendment providing post-judgment interest, and refused to do so. *Bowers*, supra at 517. In this case, while cross-appellee did not obtain an amendment of the judgment at issue, he did obtain a clarification that the judgment inher-

ently "includes" post-judgment interest at 12 percent annual interest on the specified principal sums only. Accordingly, we find that *Bowers* is not dispositive of the issue raised in the *cross-appeal.*

## II. Case No. A90A1443

3. Appellant Nodvin asserts that the trial court erred in ruling that the partial summary judgments, as amended, granted in behalf of appellant included post-judgment interest only at a rate of 12 percent per annum and only upon the portion of the partial summary judgments which could be determined to be principal. We disagree.

(a) Appellant asserts on appeal that in view of the judgment in the case of *Betty Hall Clarke, Plaintiff, v. Thomas B. West, Sr., Mildred B. West and Thomas B. West, Jr., Defendants v. Decatur Federal Sav. & Loan Assn., Garnishee,* Garnishment Number 87 G-14354, State Court of DeKalb County, in which appellant was a claimant, that appellee/cross-appellants are bound by collateral estoppel as to the issue in the case sub judice of accrual of interest at 1.5 percent per month on the judgment. At the onset, we note that appellant failed to raise timely the issue of collateral estoppel before the trial court, rather in his motion for reconsideration, filed February 21, 1989, of the trial court's order of February 9, 1989, which denied appellant future interest on the judgment of February 14, 1986, appellant asserted that the judgment in the *Clarke* case "was not appealed . . . and became res judicata." As the specific ground of collateral estoppel was never made a timely issue before the trial court, no question concerning this matter is presented for appellate review. See *Dairyland Ins. Co. v. McIntosh,* 171 Ga. App. 782, 783-784 (321 SE2d 110). On appeal only issues properly and timely raised before the trial court will be considered. *Department of Transp. v. Hillside Motors,* 192 Ga. App. 637 (1) (385 SE2d 746). Moreover, after examining the posture of the record in this case, we are satisfied that the issue presented for our resolution is not shown to have been "directly decided" in *Clarke,* supra, within the meaning of *Roddenberry v. Roddenberry,* 255 Ga. 715, 717 (342 SE2d 464).

(b) The issue of award of pre-judgment interest is not before this court on appeal. As to the trial court's determination of the amount of post-trial interest due: first, the provisions of OCGA § 7-4-12, as amended effective July 1, 1986, and thereafter, are to be applied only to judgments *actually entered after* the effective date of those statutory amendments. *Department of Transp. v. Delta Machine &c. Co.,* 162 Ga. App. 252 (1) (291 SE2d 104); accord *Fishel v. Colonial Stores,* 165 Ga. App. 217 (299 SE2d 192); see generally OCGA § 1-3-5.

We find that for these purposes, it is the date the judgment in this case actually was entered, and not the date when the clarification

of judgment order currently on direct appeal was entered, that is controlling. See OCGA § 9-12-40. Accordingly, we must turn to the case law to interpret the provisions of OCGA § 7-4-12 in effect at the time the judgment was entered in this case on February 14, 1986.

In *Chilivis v. Rogers Oil Co.*, 135 Ga. App. 176, 177 (3) (217 SE2d 179), we held: "*Generally* interest on a judgment is to be calculated at 7% [12%] per annum from date of judgment until payment (Code § 57-108) [OCGA § 7-4-12], but where the contract or note upon which an action is based specifies a different rate, the judgment thereon bears interest from the date of the judgment at the contract rate." However, the general rule in *Chilivis* has been modified by one particular portion of our holding in *Bowers*, supra. In *Bowers*, supra at 519, we held that "[w]here, as here, a right to execution and collection of post-judgment interest is asserted, it appears that the law contemplates that such right be evidenced by an underlying judgment which has been signed by the trial court and filed with the clerk." As the judgment in this case was silent as to post-judgment interest and did not evidence the right thereto within the meaning of *Bowers*, the only extent to which such post-judgment interest could have been found to be awarded was to the extent such post-judgment interest was inherent in the judgment within the meaning of *West*, supra. In *West*, supra at 569, we held that "post-judgment interest *at the rate of 12 percent* . . . is inherent in the judgment." (Emphasis supplied.) Further, in *West*, supra, we held that "judgment may bear interest from the date of judgment only on the principal sum. The interest found to be due at date of the judgment may not bear interest." Thus, "[a] judgment may be legally entered up for the *principal sum* and the interest due on the claim sued on to date of judgment. However, such a judgment bears interest only from its date on the *principal sum*." *Southern Loan Co. v. McDaniel*, 50 Ga. App. 285 (2) (177 SE 834).

This opinion does not purport to interpret the statutory provisions of OCGA § 7-4-12 currently in effect this date.

(c) Further, this court cannot consider in the appellate process either mere allegations of fact found in a party's pleadings, not admitted by the opposing party, or factual assertions in the parties' briefs, when such allegations and assertions are not supported by the record. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846-847 (366 SE2d 223). Our examination of the records in these appeals shows that there exists in these particular records insufficient evidence of the existence of any contract, obligation, or note between the parties establishing that appellees will pay post-judgment interest at a specified rate other than the statutory rate of 12 percent per year provided for in the then effective OCGA § 7-4-12. Assuming without deciding, that the account was a commercial account within the meaning of OCGA § 7-4-16, this Code section on its face merely authorizes, but does not man-

date, the charging of the maximum interest therein specified. Further, the "Marvin P. Nodvin Disclosure of Financial Charges" fails to establish therein that it applied to any account of appellees or that it was ever delivered to any of the appellees. A brief or attachment thereto cannot be used in lieu of the record or transcript for adding evidence to the record; we must take our evidence from the record and not from the brief of either party. *Johnson v. Wade*, 184 Ga. App. 675, 676 (1) (362 SE2d 469). The burden is on appellant to show error by the record, and when a portion of the evidence bearing upon the issue raised by the enumeration of errors is not brought up so that this court can make its determination from a consideration of all relevant evidence bearing thereon, an affirmance as to that issue must result. *Addis v. Spain*, 225 Ga. 609 (170 SE2d 585) and cases therein cited; *Smith v. State*, 160 Ga. App. 26 (1) (285 SE2d 749).

Appellant and cross-appellants' other assertions are without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED SEPTEMBER 27, 1990 — 

*Marvin P. Nodvin*, pro se.
*Richard A. Gordon*, for appellant.
*Theodore L. Marcus*, for appellees.

