A89A1987. CITY OF FAIRBURN v. COOK.
(393 SE2d 70)

POPE, Judge.

The City of Fairburn appeals from the December 1988 order of the Superior Court of Fulton County in which the trial court found that James Cook was entitled to recover the prejudgment interest previously awarded him in September 1986 and that all the City's arguments why it was not responsible for the prejudgment interest award were adversely controlled by the doctrine of res judicata.

A partial review of the procedural history of the case sub judice is necessary in order to understand the nature of this appeal. Cook brought suit against the City and Atlanta & West Point Railroad ("Railroad"). In September 1986 the jury returned a verdict in Cook's favor against the defendants for $2.5 million "to share equally." In its

---

judgment on the verdict, the trial court held the City and the Railroad jointly liable for the full amount, and because the $2.5 million verdict exceeded the amount of unliquidated damages ($1.95 million) claimed by Cook in his written notice made pursuant to OCGA § 51-12-14 (a), the trial court awarded Cook prejudgment interest in the amount of $1,089,221.94.

The City challenged the prejudgment interest award in its motion to set aside the verdict and the judgment, specifically asserting that it was not liable for prejudgment interest because the verdict against the City did not equal or exceed the amount of unliquidated damages claimed by Cook, as required by OCGA § 51-12-14. The basis for this claim was the City's argument that the verdict was several, rather than joint (as the trial court had found), and thus the actual verdict against the City was for only $1.25 million (half the $2.5 million). Accordingly, the City asserted that because the verdict against it was $700,000 less than the unliquidated damages claimed by Cook, the award of prejudgment interest could not be supported as a matter of law.

On appeal to this court (*City of Fairburn v. Cook*, 188 Ga. App. 58 (372 SE2d 245) (1988)), however, the City presented only the argument that it was jointly liable with the Railroad, asserting that the jury verdict "to share equally" was illegally apportioned and thus a new trial on all issues was mandated. This court disagreed and upheld the verdict returned by the jury against the City. The court found, however, that the trial court had erred in entering judgment against the City for the full amount of the verdict, inasmuch as the jury had legally apportioned the verdict between the defendants by inserting the language "to share equally" after the verdict amount. The court also reversed the judgment as to the Railroad, finding the evidence was insufficient to support it.

Upon remittiturs being entered, the judgment and postjudgment interest amounts were paid, but the award of prejudgment interest was reserved by the trial court pursuant to a consent order which clearly reflected the parties' intent not to resolve or otherwise waive issues involving the prejudgment interest award. Subsequently the trial court in its December 9, 1988, order found that the issues the City was raising in 1988 regarding its liability for the prejudgment interest award had already been raised by the City in 1986, but that the City had failed to enumerate the alleged errors in its appeal to this court. Because the alleged errors involving the award of prejudgment interest in the September 1986 judgment were unappealed, the trial court found the City's arguments were controlled by the doctrine of res judicata, and accordingly entered the award from which the City now appeals.

1. Initially, we must address Cook's motion to dismiss the City's

appeal. Cook argues that pursuant to OCGA § 5-6-38, the prejudgment interest award was appealable within 30 days after the September 26, 1986, judgment was entered. Asserting that the December 9, 1988, order was not a "new" final judgment but merely a judgment on this court's remittitur, Cook argues that the City's appeal from the December 1988 order was untimely and must be dismissed under the mandate of OCGA § 5-6-48 (b).

In *City of Fairburn*, supra, this court vacated the judgment which had disregarded the verdict returned by the jury and directed the trial court to enter judgment against the City for the correct sum of $1.25 million. Upon remittitur, the trial court properly followed this court's direction and entered judgment in Cook's favor for the modified amount. The trial court then took under consideration the other aspects of the judgment, including the prejudgment interest award. The merits of the City's argument concerning the prejudgment interest award are obvious: The jury returned a verdict which rendered the City liable for $1.25 million; that sum did not equal or exceed the $1.95 million in unliquidated damages claimed by Cook; thus, under OCGA § 51-12-14 (a), the verdict was insufficient to support the prejudgment interest awarded Cook by the trial court in September 1986. However, the trial court in its December 1988 order determined it was not necessary to reach the merits of the City's arguments, finding that the issue was res judicata and ruling accordingly.

It is therefore apparent that the December 1988 judgment, based on the doctrine of res judicata, was premised on an issue different from any issue addressed by the trial court in the September 1986 judgment. Insofar as the application of the doctrine of res judicata to the prejudgment interest is concerned, the trial court's December 1988 judgment "contained at l[e]ast something to appeal by either party, if there was any error in it. [Cit.]" *West v. Dorsey*, 167 Ga. App. 233, 235 (1) (305 SE2d 840) (1983), rev'd on other grounds, *Dorsey v. West*, 252 Ga. 92 (311 SE2d 816) (1984). We therefore find that the City timely filed its appeal from the December 1988 judgment pursuant to OCGA § 5-6-38, and Cook's motion to dismiss this appeal is denied.

2. The remaining issue before this court is whether the trial court correctly concluded that the doctrine of res judicata should act as a bar to the consideration of *all* issues surrounding the award of prejudgment interest in this case. We find that it does not, and reverse.

Simply stated " '(t)he doctrine of res judicata makes a prior judgment conclusive between the parties and their privies as to all matters put in issue or that might have been put in issue.' [Cits.]" *Tandy Computer Leasing v. Bennett's Svc. Co.*, 188 Ga. App. 594, 594-595 (373 SE2d 647) (1988). See also OCGA § 9-12-40. Thus, the trial court

concluded that because the City "raised the question of its liability for the prejudgment interest in its motion for judgment notwithstanding the verdict [but] failed to enumerate [the trial] court's denial of this particular ground of error to the appellate court, . . . that issue is now res judicata and is closed to further challenges."

We agree that the City's failure to assign error in the earlier appeal of this case forecloses it from mounting every possible challenge to the award, (for example, it could not now contend that notice was improper pursuant to OCGA § 51-12-14 (a)) but find that the trial court erred in refusing to consider *any* challenge to the award, specifically challenges arising solely and necessarily from this court's decision on the previous appeal of this case.

As stated, supra, on appeal the City argued that it was jointly liable with the Railroad, asserting that the jury verdict "to share equally" was illegally apportioned and thus a new trial was mandated. This court, however, disagreed, finding that the jury had legally apportioned the verdict, but that the trial court had then erred by entering judgment for the full amount of the verdict against both defendants. Consequently, although it is true that the doctrine of res judicata forecloses the consideration not only of issues which were actually raised, but also issues which might have been raised, the trial court's strict adherence to the doctrine of res judicata in this case requires the complaining party, here the City, not only to assert its arguments on appeal, but also to foresee that those arguments would be rejected by this court, and to anticipate this court's specific findings so as to mount all challenges which might arise under every possible outcome of this case. Under these circumstances, the application of judicial principles such as are embodied in judicial doctrines such as res judicata must give way to avoid the unjust and unconscionable result which would otherwise obtain in the case at bar.

The trial court's ruling here thus ignores the effect of our holding in the previous appeal of this case thereby allowing Cook to recover the *entire amount* of pre-judgment interest which was assessed against *both* the Railroad and the City, even though this court determined in the earlier appeal that 1) the evidence was insufficient to support the verdict and judgment rendered thereon against the defendant Railroad and 2) the trial court had erred in entering judgment against defendants for the full amount of the verdict, inasmuch as the jury had legally apportioned the verdict between the defendants. It is within the inherent power of this court to consider issues which follow as a natural consequence of its decisions on appeal, whether or not specifically enumerated as error. Likewise, the trial court has the authority and power to amend its judgments to effect the intendment of this court, whether or not specifically directed to do so by this court. " 'The trial court may *amend* a judgment to make

it conform to the verdict, not only after the term in which it was rendered, but after the case has been affirmed by an appellate court. (Cits.)' [Cits.]" *Dismuke v. Gibson*, 174 Ga. App. 546 (1) (330 SE2d 771) (1985). Thus, the trial court was authorized to consider, and should have considered, the effect of this court's decision on the entire judgment, including the prejudgment interest award. Consequently, we reverse the order of the trial court finding that the issue of prejudgment interest was res judicata and direct that upon remand the trial court reverse the award of prejudgment interest, as it is clear that the award cannot stand inasmuch as, pursuant to the earlier appeal of this case, the judgment is now for an amount less than the sum claimed by Cook pursuant to OCGA § 51-12-14.

*Judgment reversed and case remanded with direction. Carley, C. J., Deen, P. J., McMurray, P. J., Birdsong, Beasley and Cooper, JJ., concur. Banke, P. J., and Sognier, J., dissent.*

SOGNIER, Judge, dissenting.

I dissent because I would affirm the trial court's December 1988 judgment awarding prejudgment interest to Cook and striking the City of Fairburn's objections and defenses to that award on the basis that they were barred by the doctrine of res judicata.

The majority reverses the trial court's judgment based on its conclusion that the doctrine of res judicata does not control the issues raised by the City. The majority does not deny that res judicata is applicable here; the majority does not deny that, properly applied, the doctrine of res judicata demands the affirmance of the trial court's order. No attempt is made by the majority to distinguish the body of case law which compels the application here of res judicata. The majority simply concludes that the established law of this State "must give way" to avoid an "unjust and unconscionable result."

In view of the facts of this case, it is difficult to understand why the majority feels compelled to ignore the law in this instance. Because the doctrine of res judicata is applied as to all matters put in issue or which *might have been put* in issue, OCGA § 9-12-40, there have been parties far more deserving of sympathy than the City here. After all, it is uncontroverted that the City was aware the prejudgment interest was objectionable as soon as it was awarded; clearly, the City had every opportunity to litigate the matter below and indeed did argue its objection persuasively in its motions and briefs to the trial court; unquestionably, the City could have raised its objection in this court. While I do not expect parties on appeal to anticipate every possible holding this court might reach, I cannot agree with the majority that it was asking too much of the City to expect it to foresee that this court might uphold the jury verdict and its liability for $1.25 million. But, even assuming that is asking too much, why then did the

City not raise the matter in its motion for rehearing?

Possibly the majority feels that the application of res judicata here exacts too hefty a penalty from the City of Fairburn. The result may sound "unconscionable" when $1,089,221.94 is involved; perhaps res judicata would not appear so "unjust" were only $1,089.22 in issue. But res judicata is the law of this State. Applying it without regard to the amount involved or the party appealing promotes stability and eliminates any possibility of favoritism or prejudice, dangers inherent in the failure to apply established law equally. If we excuse the City's liability because it failed to raise the proper objection in a timely fashion, does that mean this court will excuse the next erring party? Or will we return to strict adherence to the law? Will we apply the exception when the appealing party is a municipality, or is it applicable only where the money involved exceeds a million dollars?

By doing what it considers to be justice to the City, the majority is doing injustice to the law. Therefore, I must dissent.

I am authorized to state that Presiding Judge Banke joins in this dissent.

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 30, 1990 —

*Eidson & Talmadge, James A. Eidson, John E. Talmadge, Glaze, Fincher & Bray, Kirby A. Glaze, Laurel E. Henderson*, for appellant.

*Scoggins, Ivy & Goodman, Charles Ivy, Joseph C. Chancey, Heyman & Sizemore, William B. Brown*, for appellee.

*Gambrell, Clarke, Anderson & Stoltz, Seaton D. Purdom*, amicus curiae.