A90A2038, A90A2039. GUNNIN et al. v. PARKER et al.; and vice versa.
(403 SE2d 822)

SOGNIER, Chief Judge.

In the earlier appeal of the judgment in favor of plaintiffs Philip and Carolyn Parker, we reversed the award of expenses of litigation against defendants Ray Gunnin, Gunnin Properties, Inc., and Gunnin Development Company (collectively referred to as "Gunnin"). *Gunnin v. Parker*, 194 Ga. App. 426 (390 SE2d 596) (1989). Upon the remittitur being entered, the trial court reduced the jury's award from $275,000 to $151,000 to reflect the exclusion of litigation expenses. The trial court then entered judgment for postjudgment interest on

$151,000. Gunnin appeals from the entry of postjudgment interest in Case No. A90A2038; the Parkers cross appeal in Case No. A90A2039 from the trial court's subtraction of $124,000 in litigation expenses from the jury's award.

1. In Case No. A90A2038, we first note that in view of the language in OCGA § 7-4-12 that "[a]ll judgments in this state *shall* bear interest upon the principal amount recovered at the rate of 12 percent per year," (emphasis supplied), see *West v. Jamison*, 182 Ga. App. 565, 569 (356 SE2d 659) (1987), we find no merit in Gunnin's argument that the trial court improperly amended its judgment of April 1987 in August 1987 by following the statutory mandate and providing for postjudgment interest. See generally *Giant Peanut v. Carolina Chemicals*, 135 Ga. App. 597, 598 (218 SE2d 305) (1975). Accordingly, entry of the August 1987 judgment to reflect the statutory interest did not render that judgment null and void.

Citing OCGA § 9-11-67, Gunnin contends the trial court erred by awarding postjudgment interest on the $112,275 amount Gunnin deposited in the office of the clerk of the court before trial started. OCGA § 9-11-67 provides that "[i]n an action in which any part of the relief sought is a judgment for a sum of money . . . a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate."

Pretermitting the issue whether the trial court erred by failing to reach the merits of Gunnin's argument by ruling that the issue was res judicata, but see *City of Fairburn v. Cook*, 195 Ga. App. 265, 267-269 (2) (393 SE2d 70) (1990), we affirm the trial court's ruling based on the principle that a correct decision of a trial court will not be reversed regardless of the reasons given therefor. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 732 (7) (389 SE2d 251) (1989). The record reflects that in its first amended answer, Gunnin recited that it "hereby tenders into the Registry of the Court the sum of $112,275.00, which represents the purchase price and closing costs for the house and lot." OCGA § 9-11-67 specifically requires that the deposit be made "by leave of court." Compare OCGA §§ 22-2-110 through -114 (deposit of special master award in court registry in eminent domain proceeding); OCGA § 44-7-54 (payment of rent into court registry in dispossessory proceeding); OCGA § 44-7-75 (same, distress warrants). No motion for leave to deposit this sum or any order by the trial court granting leave to make the deposit is included in the records of the instant appeals or the earlier appeal. Since we are not authorized to disregard any of the words of a statute and must give meaning and due weight to all the words used, see generally

*Taco Bell Corp. v. Calson Corp.*, 190 Ga. App. 481, 482 (379 SE2d 6) (1989), in order to effect the requirements of OCGA § 9-11-67 Gunnin was required to obtain leave of the trial court to make its deposit, and its failure to do so rendered the deposit not in conformity with OCGA § 9-11-67. Thus, we need not address the Parkers' argument, based on the fact that the check deposited in the clerk's office (a photostatic copy of which is attached to the answer), which was made out to the Parkers with an endorsement that "the undersign [sic] payees accept the amount of this payment in full satisfaction of all claims against drawer to property located at" the premises in issue, failed to comply with the requirements of OCGA § 9-11-67 because it attempted to impose conditions on its acceptance, thereby rendering the money unavailable to the Parkers for withdrawal. See *United States ex rel. Garrett v. Midwest Constr. Co.*, 619 F2d 349, 353-354 (5th Cir. 1980) (construing the similar requirement of FRCP 67). In view of Gunnin's failure to deposit its $112,275 check in compliance with OCGA § 9-11-67, we need not address Gunnin's remaining arguments asserting the propriety of the deposit. Accordingly, there is no merit to Gunnin's claim that OCGA § 9-11-67 relieved it from all liability for postjudgment interest on the sums deposited in the court, and the trial court did not err by entering judgment therefor.

2. In Case No. A90A2309, the transcript (filed in this court for our consideration of the matters raised in *Gunnin*, supra) reveals that after the jury returned a general verdict for $275,000, the trial court, without objection, requested the jury to break down that figure awarded to the Parkers into the individual amounts claimed. In response, the jury foreperson announced that the $275,000 included, inter alia, $124,000 for litigation expenses. In *Gunnin*, supra, this court reversed that part of the judgment awarding the Parkers expenses of litigation, although the precise figure to be written off the judgment was not set forth in the body of the opinion. However, "the trial court has the authority and power to amend its judgments to effect the intendment of this court, whether or not specifically directed to do so by this court." *City of Fairburn*, supra at 268. The trial court did not err by effecting the intendment of this court by striking $124,000 from the judgment in favor of the Parkers.

*Judgments affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 13, 1991 —
REHEARING DENIED MARCH 7, 1991 —

*Butler, Wooten, Overby & Cheeley, Robert D. Cheeley, Joseph E. Cheeley, Jr.*, for appellants.

*Frank A. Lightmas, Jr.*, for appellees.