A94A2123. SACHA v. COFFEE BUTLER SERVICE, INC. et al.
(450 SE2d 704)

BLACKBURN, Judge.

On June 29, 1993, after litigation extending for nearly eight years,[1] the trial court entered a consent order substantially settling the case. Left unresolved were the questions of the extent to which the appellant, James Sacha, was entitled to prejudgment and postjudgment interest and whether he was due reasonable attorney fees and litigation expenses under OCGA § 9-15-14. The trial court awarded Sacha additional prejudgment and postjudgment interest in the amount of $25,558.51 for the period prior to September 30, 1988 and denied him attorney fees and litigation expenses. The trial court determined that the only interest to which Sacha was entitled after September 30, 1988, was the 6.45 percent earned in the interest-bearing account of its registry.

1. Sacha asserts the trial court erred by failing to award him prejudgment and postjudgment interest earned on monies deposited with the clerk of court from October 1, 1988 through June 29, 1993. Sacha contends OCGA §§ 7-4-2[2] and 7-4-12[3] support his position. In response, appellees, Coffee Butler Service, Inc. and Office Coffee Associ-

---

[1] The underlying facts in this case are set out in detail in *Coffee Butler Svc. v. Sacha*, 258 Ga. 192 (366 SE2d 672) (1988) and *Coffee Butler Svc. v. Sacha*, 208 Ga. App. 4 (430 SE2d 149) (1993).

[2] Prejudgment interest accrues at the legal rate of seven percent pursuant to OCGA § 7-4-2 and may not be altered by the trial court. See *Turner Constr. Co. v. Electrical Distributors*, 202 Ga. App. 726, 727 (415 SE2d 325) (1992).

[3] OCGA § 7-4-12 provides pertinently that "[a]ll judgments . . . shall bear interest upon the principal amount recovered at the rate of 12 percent per year."

ates I (Coffee Butler), argue that OCGA § 9-11-67 requires the abatement of prejudgment and postjudgment interest on such monies in that they were deposited in compliance with OCGA § 9-11-67.

OCGA § 9-11-67 provides that "[i]n an action in which any part of the relief sought is a judgment for a sum of money . . . a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum . . . to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate."

Absent conformity with OCGA § 9-11-67, sums deposited in the court will not be entitled to the abatement of interest. *Gunnin v. Parker*, 198 Ga. App. 864, 866 (1) (403 SE2d 822) (1991) (deposit by leave of court essential to entitlement to interest abatement under OCGA § 9-11-67). The trial court's order of September 14, 1988, pertinently provided "that all efforts to levy and execute on the judgment by the defendant will be stayed and pending collection actions dismissed upon the posting of a bond in the amount of $185,004.05 . . . , *or the payment of $185,004.05 into the Registry of the Court, to be placed in an interest bearing account agreed upon by the parties*; and, as a further condition for the issuance of the stay, plaintiffs are to pay $5,285.83 per month beginning October 1, 1988, into the Registry of the Court pending final resolution of this case." (Emphasis supplied.)

The deposits here in issue, having been authorized by court order and agreed upon by the parties, were made by leave of court and upon notice to the parties. The requirements of OCGA § 9-11-67 were otherwise satisfied. Accordingly, the trial court properly relieved Coffee Butler of any liability for prejudgment and postjudgment interest on the sums deposited in the court after September 30, 1988.

2. In his second enumeration of error, Sacha contends that four positions taken by Coffee Butler during the course of litigation were without support in law or fact entitling him to attorney fees under OCGA § 9-15-14 (a) and (b). These were Coffee Butler's: (1) refusal to honor the consulting agreement; (2) first amendment of the original complaint asserting the consulting agreement's diminished value rather than anticipatory breach; (3) second amendment to the complaint seeking lost profits; and (4) second amendment to the complaint asserting fraud in the inducement with respect to merger.

OCGA § 9-15-14 (a) provides that "reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or

other position. Subsection (b), on the other hand, provides that the court may assess reasonable and necessary attorney's fees and expenses of litigation . . . if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." "Claims asserted pursuant to either subsection (a) or (b) are to be adjudicated by the trial court without a jury. The standard of review for motions under OCGA § 9-15-14 (a) is the 'any evidence' rule, and the standard for review for motions under OCGA § 9-15-14 (b) is the 'abuse of discretion' rule." (Citations and punctuation omitted.) *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 778 (3) (406 SE2d 121) (1991).

Sacha argues our Supreme Court's affirmance of the trial court's grant of summary judgment upon Coffee Butler's claim of anticipatory breach of contract established a violation of OCGA § 9-15-14 (a). See *Coffee Butler Svc. v. Sacha*, 258 Ga. 192 (366 SE2d 672) (1988). Likewise, he asserts this court's affirmance of his summary judgment relative to Coffee Butler's lost profits claim showed an OCGA § 9-15-14 violation. Yet, such decision was not unanimous on the issue of summary judgment. See *Coffee Butler Svc. v. Sacha*, 208 Ga. App. 4, 7 (430 SE2d 149) (1993) ("The movant in summary judgment, Sacha, did not by the evidence 'conclusively eliminate all issues' as to the claim for lost profits." (Beasley, P. J., dissenting.)). Neither does an affirmance of summary judgment "amount to a finding, binding on the trial court, that appellees' case was wholly without merit." *Seckinger v. Holtzendorf*, 200 Ga. App. 604, 605 (409 SE2d 76) (1991). Additionally, since "the law requires only slight circumstances to establish fraud and conspiracy," id. at 606, we cannot here conclude that a justiciable issue of law or fact was not presented or lacked substantial justification with respect to appellees' claim of fraud.

Finding no evidence of bad faith on the record before us under both standards of review as set forth above, we decline to disturb the trial court in the exercise of its sound discretion with respect to attorney fees.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 11, 1994 —
RECONSIDERATION DENIED NOVEMBER 21, 1994 —

*Mozley, Finlayson & Loggins, C. David Hailey, Eric T. Johnson, Lawrence B. Domenico,* for appellant.

*Gandy, Rice & Sundberg, L. Spencer Gandy, Jr.,* for appellees.