A96A1306. GREAT SOUTHERN MIDWAY, INC. v. HUGHES.

(478 SE2d 400)

RUFFIN, Judge.

Great Southern Midway, Inc. ("Great Southern") sued Hughes for breach of contract.[1] Great Southern obtained a judgment, and Hughes appealed to the Georgia Supreme Court. Great Southern filed a garnishment action and now appeals the trial court's order limiting post-judgment interest to the period of May 24, 1994 through November 29, 1994. For reasons which follow, we reverse.

The record shows that during the pendency of the appeal to the Supreme Court and after the grant of a motion to require a supersedeas bond and Hughes' failure to post the bond, Great Southern filed a garnishment action against Hughes' NationsBank account. NationsBank answered the garnishment, depositing $447,087.33 into court. Hughes traversed the answer. On November 29, 1994, the trial court conducted a hearing on Hughes' traverse. On January 6, 1995, the trial court filed an order denying the traverse, but staying Great Southern's collection of its judgment pending the outcome of Hughes' Supreme Court appeal.

The Supreme Court affirmed a portion of the judgment on March 6, 1995. Subsequently, the trial court granted Great Southern's motion for disbursement of the garnished funds. However, the trial court limited Great Southern's post-judgment interest to the period of May 24, 1994 (the date judgment was entered) through November 29, 1994 (the date a hearing was conducted on Hughes' traverse).

Great Southern asserts that the trial court erred in limiting post-judgment interest to the period of May 24, 1994 through November 29, 1994. We agree.

OCGA § 7-4-12 provides that "[a]ll judgments in this State shall bear interest upon the principal amount recovered at the rate of 12 percent per year. . . ." This post-judgment interest is due "from the date the judgment is entered until the date the judgment is paid. . . ." *Dept. of Transp. v. Delta Machine Products Co.*, 162 Ga. App. 252, 253 (1) (291 SE2d 104) (1982). Post-judgment interest is not abated by an appeal of the judgment, even if the judgment is appealed by the party in whose favor it was rendered. *Henley v. Mabry*, 125 Ga. App. 293 (187 SE2d 309) (1972).

---

[1] The underlying facts in this case are set out in detail in *Hughes v. Great Southern Midway*, 265 Ga. 94 (454 SE2d 130) (1995).

Hughes has cited no authority indicating that the filing of a garnishment tolls the accrual of post-judgment interest, even where the garnishee pays the funds into court. While this scenario may well satisfy the judgment if the judgment creditor is allowed to withdraw the funds and satisfy the judgment without delay and in the time prescribed by our garnishment statutes, those are not the circumstances presented in this case. Rather, in the present case, Hughes traversed the garnishment and requested that the collection of funds be stayed pending the outcome of the appeal to the Supreme Court. Thus, it was Hughes' actions that deprived Great Southern of the ability to satisfy the judgment. Had Hughes wished to abate the accrual of post-judgment interest, he could have followed the provisions of OCGA § 9-11-67 or § 13-4-24 and voluntarily deposited sufficient funds into the court or tendered the full amount of the judgment to Great Southern, allowing Great Southern to satisfy the judgment at its peril pending the outcome of the appeal. See *Sacha v. Coffee Butler Svc.*, 215 Ga. App. 280 (1) (450 SE2d 704) (1994); *Heath v. L. E. Schwartz & Sons*, 203 Ga. App. 91 (2) (416 SE2d 113) (1992); *Gunnin v. Parker*, 198 Ga. App. 864 (1) (403 SE2d 822) (1991).

We find that the judgment against Hughes was not satisfied until October 3, 1995 when the trial court ordered disbursement of the funds to Great Southern and specifically designated the amount of principal to be paid. At no point before this time was Great Southern able to satisfy the judgment it had received against Hughes. Thus, the trial court erred in limiting Great Southern's award of post-judgment interest from May 24, 1994 to November 29, 1994. Rather, the trial court should have awarded Great Southern post-judgment interest from May 24, 1994 to October 3, 1995, when the court ordered the disbursement of funds to satisfy the judgment. While additional post-judgment interest should have been awarded at this point, this additional interest cannot itself accrue interest. *Windermere, Ltd. v. Bettes*, 211 Ga. App. 177 (4) (438 SE2d 406) (1993). Accordingly, we reverse the order of the trial court as to post-judgment interest and remand the case for judgment to be issued in accordance with this opinion.

*Judgment reversed and case remanded with directions. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DENIED NOVEMBER 21, 1996.

*Groover & Childs, Denmark Groover, Jr.*, for appellant.
*Glaze, Glaze & Fincher, Thomas M. Conway, Myles E. Eastwood,*

for appellee.