A96A1994, A96A1995. ST. JOSEPH HOSPITAL, AUGUSTA, GEORGIA, INC. et al. v. BLACK (two cases).

(483 SE2d 290)

BEASLEY, Judge.

Black filed a petition under OCGA § 9-11-27 (a) to perpetuate the testimony of Paugh, the chief executive officer of St. Joseph Hospital, prior to the filing of a complaint. She anticipated filing a medical malpractice suit against Dr. Owen, who had performed surgery on her, and against St. Joseph Hospital for negligently granting Owen staff privileges. Black contended Paugh had documentary information concerning hospital policies and the decision to grant Dr. Owen staff privileges which would allow her to prepare an affidavit attesting to the hospital's negligence. Black apparently views her negligent hiring claim against the hospital as one alleging professional malpractice within the ambit of OCGA § 9-11-9.1 (a).

St. Joseph has filed separate appeals of the court's grant of the petition (Case No. A96A1994) and the denial of its motion for reconsideration of that decision (Case No. A96A1995). It filed its motion for reconsideration of the order granting Black's petition on April 18, 1996. On April 24, it filed the notice of appeal from that same order, which has resulted in Case No. A96A1994. However, " ' " '[a] notice of appeal from [a] judgment, filed while a motion for [reconsideration of judgment] is pending . . . confers no jurisdiction in the appellate court and results in [the] dismissal of the appeal.' " (Cit.)' [Cit.]" *Auld v. Weaver*, 196 Ga. App. 782, 783 (397 SE2d 51) (1990); accord *Griffin v. Loper*, 209 Ga. App. 504 (433 SE2d 653) (1993). The notice of appeal from the denial of reconsideration (Case No. A96A1995) is timely and properly before us.

1. In its first three enumerations, St. Joseph contends the petition did not allege a proper basis for granting relief under OCGA § 9-11-27. "[T]he purpose of [OCGA § 9-11-27 (a)] is to provide for perpetuation of testimony in situations where, for one reason or another, testimony might be lost to a prospective litigant unless steps are taken immediately to preserve and protect such testimony. [OCGA § 9-11-27 (a)] does not provide a substitute for discovery or a method to determine whether a cause of action exists. This code section cannot be used for the purpose of ascertaining facts to be used in drafting a complaint." *Worley v. Worley*, 161 Ga. App. 44, 45 (288 SE2d 854) (1982). As in *Worley*, Black's petition "does not allege that the testimony sought to be preserved is in danger of being lost and 'there is no evidence that the testimony of persons with knowledge of the material facts relevant to (appellee's) proposed lawsuit will be unavailable after a complaint is filed.' [Cit.]" Id. at 45-46.

Not only is this prerequisite allegation absent, Paugh's affidavit indicates there is no such danger. The only reason Black states to

establish a need for pre-complaint discovery is the desire to acquire information to prepare an affidavit under OCGA § 9-11-9.1. Thus, the purpose is to enable her to ascertain facts to be used in preparing her complaint, which is prohibited. Even assuming that a claim against the hospital for negligently granting staff privileges would be a malpractice action requiring an affidavit under OCGA § 9-11-9.1, that would not necessitate the use of OCGA § 9-11-27 (a) in the manner Black attempted. Discovery is not required to prepare a malpractice affidavit.

" 'An expert affidavit filed with a complaint pursuant to OCGA § 9-11-9.1 need *not* be based upon the affiant's actual personal knowledge. To the contrary, the affiant may base his expert opinion upon an assumption that the factual allegations of the complaint are true . . . just as he could base his expert opinion at trial upon an assumption of the truth of the evidence adduced to support those allegations.' [Cit.]" (Emphasis in original.) *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 68 (4) (424 SE2d 632) (1992). " ' "What OCGA § 9-11-9.1 (a) requires is that the expert affidavit set forth specifically at least one negligent act or omission 'claimed to exist' and the factual basis for each such claim. . . . *It is unnecessary for the . . . plaintiff to . . . prove the alleged facts. . . .* (W)here a . . . complaint asserts a damage claim and alleges professional malpractice, it is only necessary that there be filed contemporaneously with the filing of the complaint the affidavit of an expert stating that, in his expert opinion, such facts, *if true*, would constitute professional malpractice. . . ." ' [Cit.]" (Emphasis in original.) Id.

The court erred in granting Black's petition.

2. St. Joseph also contends the court erred in determining certain documents were not privileged under OCGA §§ 31-7-133 and 31-7-143; see also OCGA § 31-7-15 (b). Black has since, in a separate proceeding, filed a complaint against St. Joseph and Dr. Owen. The trial court did not require the production of any documents as to which St. Joseph now claims a privilege. It declared that hospital medical staff by-laws, rules and regulations pertaining to the practice of medicine and/or surgery, and policies and procedures related to appointment of staff physicians are discoverable. St. Joseph does not argue these documents are privileged, only Dr. Owen's application for staff privileges, documents reflecting the grant of such privileges, and Dr. Owen's entire personnel file. These documents were not declared discoverable but were to be deposited with the court for a determination whether the privileges applied. The record shows no decision that such records are discoverable, so it presents no issue for resolution by this Court. To the extent that the order purported to allow Dr. Paugh to be deposed as to the contents of documents which the court had not yet ruled were discoverable, it was in error.

*Appeal dismissed in Case No. A96A1994. Judgment reversed in Case No. A96A1995. Birdsong, P. J., and Blackburn, J., concur.*

. DECIDED FEBRUARY 4, 1997 —
RECONSIDERATION DENIED MARCH 5, 1997.

*Hull, Towill, Norman & Barrett, Timothy E. Moses, Patrick J. Rice, Douglas D. Batchelor, Jr.,* for appellants.
*Sam G. Nicholson,* for appellee.

