## A97A0134. KUHL v. SHEPARD.
(487 SE2d 68)

Judge Harold R. Banke.

This case arose from Lee Shepard's action for personal injuries resulting from a motor vehicle accident. It is undisputed that Hayward F. Kuhl's vehicle collided with a Jeep driven by Brent Hogue in which Shepard was a passenger. At the time of the collision, Kuhl was operating his vehicle on the wrong side of the road. Kuhl subsequently pleaded guilty to driving under the influence of alcohol. Although Shepard was treated and released after receiving medical attention for a small cut, he had sustained a serious closed head injury, the full extent of which was initially unknown. Shepard sued Kuhl, Brent Hogue, the driver of the Jeep in which he was riding, and Mary Sue Hogue, the vehicle's owner.

Eventually, all parties agreed to submit the case to binding arbitration subject to a few conditions. By mutual agreement, Kuhl and Shepard stipulated to a high/low agreement of $100,000/$20,000. The insurers of the defendants deferred the hotly contested issue of liability for prejudgment interest for subsequent judicial determination.[1] In anticipation of a potential problem, all parties consented to the following provision: "The parties agree that in the event the arbitrator awards damages in any amount in excess of the Plaintiff's demands made upon each of the Defendants pursuant to O.C.G.A. § 51-12-14 and thereby renders each or both Defendants liable for the payment

---

[1] Shepard's demand letter sent by regular mail to Kuhl sought payment of $90,000 from him.

of pre-judgment interest in an amount which would exceed the policy limits of either or both Defendants, then the issue as to whether or not the insurer of each Defendant held liable is responsible for the payment of such interest over and above said insurer's policy limits shall be submitted to the Court in which this matter is pending." Under the terms of the arbitration agreement, Kuhl would have no liability for prejudgment interest.

At the beginning of arbitration, Kuhl's counsel stipulated to an admission of Kuhl's liability, leaving only the liability of the Hogues and the amount of damages for resolution. The arbitrator determined that neither of the Hogues was responsible. After hearing the testimony of numerous expert medical witnesses and from Shepard's family and friends, the arbitrator awarded $147,515.98. Approximately two weeks after the date of the arbitrator's decision, Kuhl's insurer, General Accident Insurance Company of America ("General Accident"), paid the full policy amount of $100,000 to Shepard. No judgment was entered on the arbitrator's award. About three months after arbitration, Shepard filed a motion seeking prejudgment interest for the time period beginning 30 days after his demand letter of March 24, 1993 and the date of the award July 12, 1995. The trial court determined that Shepard was entitled to prejudgment interest and ordered General Accident to pay $24,020. General Accident appeals. *Held*:

On several grounds, General Accident contends that the trial court erred in awarding prejudgment interest pursuant to OCGA § 51-12-14. Pretermitting consideration as to whether the trial court lacked personal jurisdiction over General Accident, whether the arbitrator's award included punitive damages, and whether Shepard's notice to Kuhl satisfied the strictures of OCGA § 51-12-14 (a), for other reasons, we reverse. See, e.g., *Martin v. Williams*, 215 Ga. App. 649, 650 (1) (451 SE2d 822) (1994).

The Unliquidated Damages Interest Act establishes specific procedures for the recovery of prejudgment interest. OCGA § 51-12-14. As the statute is in derogation of the common law, it must be strictly construed. *Resnik v. Pittman*, 203 Ga. App. 835, 836 (418 SE2d 116) (1992). Claimants who give the requisite statutory written notice and demand can recoup prejudgment interest "on the amount demanded if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the amount demanded." OCGA § 51-12-14 (a). Shepard demanded $90,000 and ultimately recovered $100,000. However, the statute requires a "verdict of the jury or the award by the judge trying the case without a jury." OCGA § 51-12-14 (d). Here, there was neither. By the statute's explicit terms it requires a "date of judgment" and, of course, implicitly necessitates a judgment. OCGA § 51-12-14 (c). It is undisputed that the decision of

the arbitrator was never confirmed by the trial court and no judgment was ever entered thereon. OCGA § 9-9-15. Because there was no judgment or judgment date, it was error to base the calculation of interest on July 12, 1995, the date of the arbitrator's report. Inasmuch as the record fails to show the entry of judgment entered within one year of the arbitrator's award, the imposition of prejudgment interest was error as prejudgment interest never began to accrue. OCGA § 9-9-12.

Moreover, it is undisputed that Kuhl's policy limit was $100,000 and that the policy contained no clause permitting the payment of an excess amount. Compare *Southeast Atlantic Cargo Operators v. First State Ins. Co.*, 216 Ga. App. 791, 793 (2) (456 SE2d 101) (1995) (policy expressly permitted additional payments by insurer for postjudgment interest in excess of liability limit). General Accident's liability for Shepard's claim was limited by contract to $100,000, the policy maximum. *J. C. Penney &c. Ins. Co. v. Woodard*, 190 Ga. App. 727, 731-732 (7) (380 SE2d 282) (1989) (prejudgment interest award cannot exceed policy limit). Even if the trial court had confirmed the arbitrator's award and entered judgment on it, General Accident's liability under these facts could not have exceeded the $100,000 policy limit. *Ga. Farm Bureau Mut. Ins. Co. v. Martin*, 264 Ga. 347, 351 (3) (444 SE2d 739) (1994). For these reasons, we reverse.

*Judgment reversed. Beasley and Smith, JJ., concur.*

DECIDED MAY 13, 1997.

 Before Judge Bodiford.

*Gorby & Reeves, Michael J. Gorby, Karen E. Cooper, Daniel E. Turner*, for appellant.

*R. Keegan Federal, Jr., Carole A. Cox*, for appellee.