A01A0657, A01A0748. THREATT et al. v. FORSYTH COUNTY (two cases).
(552 SE2d 123)

BLACKBURN, Chief Judge.

These two appeals arise out of a condemnation action brought by Forsyth County against property owned by James W. Threatt, Jr. and

---

Thomas A. Threatt. The valuation issue was submitted to arbitration. In connection with the confirmation of the arbitration award, the trial court issued orders concerning prejudgment and postjudgment interest owed by the County to the Threatts. The Threatts appeal these orders, contending that the trial court erred in failing to grant their motion for prejudgment interest and by allowing the premature abatement of postjudgment interest.

The underlying facts are not in dispute and are adopted from the trial court's order. On June 4, 1996, Forsyth County filed a petition to condemn approximately 315 acres for the construction and maintenance of wastewater treatment facilities. The special master awarded $7,327,840 as the fair market value of the property on August 15, 1996. This amount was paid into the registry of the trial court on August 23, 1996, thereby vesting title to the property in the County. See OCGA § 22-2-110 (b). The Threatts filed a notice of appeal in superior court, and on November 5, 1996, entered into a consent order submitting the issue of just and adequate compensation to binding arbitration. The arbitration hearings took place from approximately December 1996 through January 1997. The arbitrator's award was issued on October 26, 1999, in the amount of $16,500,000 "as just and adequate compensation for the condemnation of the property described in this case."

On March 14, 2000, the Threatts filed a motion to confirm the arbitration award and requested prejudgment interest. The County opposed the motion for prejudgment interest arguing that the issue of prejudgment interest was before the arbitrator. The parties entered into a consent order confirming the arbitration award and reserving the ruling on the prejudgment interest issue. Thereafter, the trial court determined that the issue of prejudgment interest should have been decided by the arbitrator because the condemnees' right to interest flowed from the constitutional guaranty of just compensation for the condemnees' property and would therefore be included in a determination of the "just and adequate compensation" of the property.

### Case No. A01A0657

1. The issue presented in Case No. A01A0657 is whether the trial court erred by failing to allow the recovery of prejudgment interest and in holding that the arbitrator's award precluded additional prejudgment interest.

(a) As an initial matter, we must determine whether the Threatts are entitled to prejudgment interest pursuant to OCGA

§ 22-2-113 (c). This Code section is an eminent domain statute which governs condemnation proceedings generally and provides:

> If the amount awarded by the special master or the special master panel, if such a panel exists, is less than that found by the verdict of the jury, the condemnor shall be bound to pay the sum so finally adjudged less the amount previously deposited as provided in Code Section 22-2-110 plus lawful interest on the difference from the date of such deposit, in order to retain the property.

OCGA § 22-2-113 (c).

The County argues, citing *Kuhl v. Shepard*,[1] that because OCGA § 22-2-113 (c) references the verdict of the jury, the Threatts are not entitled to prejudgment interest as their claim was arbitrated rather than being submitted to a jury. In *Kuhl*, this Court was interpreting a provision of the Unliquidated Damages Interest Act which provided for prejudgment interest after a verdict of the jury or the award by the judge trying the case without a jury. Therein, the parties had submitted their claims to an arbitrator and received an award, but the arbitrator's award had not been confirmed and a judgment had not been entered thereon. We determined that because there was no "judgment entered within one year of the arbitrator's award, the imposition of prejudgment interest was error as prejudgment interest never began to accrue." Id. at 441.

Our holding in *Kuhl* is distinguishable from the present case, however, because here, the arbitrator's award has been confirmed and a judgment entered. We did not address the present issue in *Kuhl*. Additionally, we have held that "[a]n arbitration award is not unlike the verdict of a jury. Thus, if an award is confirmed the judgment must be entered in conformity with the award." (Citation omitted.) *Thacker Constr. Co. v. A Betterway Rent-A-Car*.[2]

In the present case, the parties agreed to arbitrate the issue, and the trial court ordered that the issue outlined in the arbitration agreement be arbitrated according to the agreement; and, furthermore, the arbitration award has been confirmed and a judgment issued. Although eminent domain statutes must be strictly construed, see *Thomas v. City of Cairo*,[3] the strict construction is meant to favor the private land owner. Such construction ensures that the needs of the state are appropriately balanced against the fundamental right of private ownership. We therefore find that the require-

---

[1] *Kuhl v. Shepard*, 226 Ga. App. 439, 440 (487 SE2d 68) (1997).

[2] *Thacker Constr. Co. v. A Betterway Rent-A-Car*, 186 Ga. App. 660, 663 (368 SE2d 178) (1988).

[3] *Thomas v. City of Cairo*, 206 Ga. 336 (57 SE2d 192) (1950).

ments of OCGA § 22-2-113 (c) for prejudgment interest have been met in the present case.

(b) Having determined that OCGA § 22-2-113 (c) is applicable to the present case, we turn to whether the trial court erred by failing to enforce the mandatory requirement of prejudgment interest. This is not a case in which the right to prejudgment interest is in question. OCGA § 22-2-113 (c) requires, under the circumstances herein, that prejudgment interest be paid in order for the governing authority to keep the property.

In *Haddon v. Shaheen & Co.*,[4] we recognized an arbitrator's inherent power to award prejudgment and postjudgment interest in the absence of a contrary provision in the arbitration agreement. However, in the present case, the right to prejudgment interest is established by statute. Prejudgment interest is allowed only when the subsequent award is more than that awarded by the special master. OCGA § 22-2-113 (c). Because it is uncontroverted that evidence of the special master's award is not allowed during a subsequent jury trial and was not before the arbitrator, he could not have determined the appropriate amount of interest and included it within the $16.5 million award. See OCGA § 22-2-110 (d). The Threatts submitted to the trial court the affidavit of the arbitrator in which he explains that he did not consider that the issue of prejudgment interest was before him. Forsyth County moved to strike the affidavit. The trial court denied the motion, finding that the issue was moot because it determined that, despite the fact that the arbitrator had not determined prejudgment interest, the issue was within the arbitrator's jurisdiction and the Threatts should have moved to modify the arbitrator's award pursuant to OCGA § 9-9-11.

The trial court's ruling fails to consider the mandatory nature of prejudgment interest in the case at bar. An arbitrator's jurisdiction is limited to the terms of the arbitration agreement. *Haddon*, supra. Arbitrators improperly overstep their authority by determining matters outside the scope of the controversy presented. Id. at 598. See also OCGA § 9-9-13 (b) (3).

In the present case, the arbitration agreement submitted the issue of just and reasonable compensation for certain property to the arbitrator. In *Dept. of Transp. v. English*,[5] we approved the trial court's charge to a jury regarding the determination of compensation for condemned property, to wit:

> In estimating the value of property taken for public use, generally it is the market value of the property which is to

---

[4] *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 599 (1) (b) (499 SE2d 693) (1998).
[5] *Dept. of Transp. v. English*, 135 Ga. App. 425, 427-428 (7) (218 SE2d 134) (1975).

be considered. In estimating its value, all the capability of the property and all the uses to which it may be applied, or to which it is adapted, may be considered, and not merely the condition it is in at the time and the use which it was then applied by the owner. The owner is to be paid just and adequate compensation for his property; that is, the value to him, not its value to the condemnor. The measure of damages for property taken by the right of eminent domain, being compensatory in its nature, is the loss sustained by the landowner, taking into consideration all the purposes for which the property is available. Generally speaking, the measure of damages is the market value of the property to be taken, and when this would give just and adequate compensation to the owner, this rule should be applied; the measure of damages for the part of the property actually taken by the Highway Department is the difference between the market value of the whole property just before the taking and the market value of the remainder immediately after the taking.

(Punctuation omitted.) Id.

Therefore, just and adequate compensation for condemned property is generally the market value of the property. And, market value is to be determined from the date of the taking. In *R. E. Adams Properties v. City of Gainesville*[6] we reiterated that "[w]hen private property is condemned for public use the owner is entitled to receive just and adequate compensation as of the date of the taking, and not as of the date of the announcement of the taking, and the value of the property should be fixed at the time of its taking." (Punctuation and emphasis omitted.) Id. The arbitrator did exactly what was asked of him; he determined the fair market value of the Threatts' property as of the date of the taking. After such a determination has been confirmed and a judgment rendered, the amount of prejudgment interest pursuant to OCGA § 22-2-113 (c) can be ascertained. There can be no issue as to whether the owner is entitled to such interest because it is mandatory under the statute.

Although, as the trial court determined, we previously held that the condemnee's right to interest flows from the constitutional guaranty of just compensation for property condemned, see *City of Atlanta v. Lunsford*,[7] in the present case we are dealing with mandatory interest pursuant to OCGA § 22-2-113 (c). Such interest

---

[6] *R. E. Adams Properties v. City of Gainesville*, 125 Ga. App. 800, 803 (1) (189 SE2d 114) (1972).

[7] *City of Atlanta v. Lunsford*, 105 Ga. App. 247, 249 (124 SE2d 493) (1962).

is for the taking of the property prior to payment of the full compensation because the condemnee only gets interest on the amount over the special master's award. In *Lunsford*, the issue was whether the governing authority could require interest where the jury awarded less than the previous special master had awarded as the value of the condemned property. *Lunsford* is distinguishable from the present case because the condemnation code did not provide a basis for interest under such circumstances. Again, the present case is governed by a mandatory statute requiring interest.

Based on the foregoing, the trial court erred in failing to follow the mandates of OCGA § 22-2-113 (c) which required the payment of interest from the date of the taking on the difference between the special master's award and the arbitrator's award.

### Case No. A01A0748

2. In Case No. A01A0748, the Threatts appeal the trial court's order on postjudgment interest, contending that it prematurely abated such interest.

On May 25, 2000, the parties entered into a consent judgment by which the issue of prejudgment interest was reserved and judgment on the arbitration award was entered as of June 16, 2000. The consent judgment specifically set June 16, 2000, as the day that prejudgment interest, if any, was concluded and provided that on such date "[j]udgment shall be deemed entered for purposes of determining the date of commencement of postjudgment interest." On June 16, 2000, Forsyth County filed an emergency motion to deposit the amount of the judgment into the court's registry pursuant to OCGA § 9-11-67. Such motion remained pending and was not granted until October 4, 2000. However, the trial court gave its October 4, 2000 order retroactive effect to June 16, 2000.

Citing *St. Joseph Hosp. v. Black*,[8] the County initially argues that, because the Threatts had a motion for reconsideration of the trial court's October 4, 2000 order pending below at the time they filed their notice of appeal here, this Court had no jurisdiction to consider their case. This argument is meritless, and, for the reasons set forth below, we must overrule *Black* in part.

In *Black*, the trial court granted the plaintiff's petition to perpetuate testimony pursuant to OCGA § 9-11-27 (a). The defendant filed a motion for reconsideration of the order granting the petition on April 18, 1996, and, while that motion was still pending, filed a notice of appeal with this Court on April 24, 1996. In defendant's notice of appeal, St. Joseph separately appealed both the original

---

[8] *St. Joseph Hosp. v. Black*, 225 Ga. App. 139 (483 SE2d 290) (1997).

grant of the petition and the denial of the motion for reconsideration of the original grant which, apparently, occurred after the notice of appeal was filed.

Although defendant's appeal of the original grant of the petition was found jurisdictionally proper, its appeal of the denial of the motion for reconsideration was dismissed because "(a) notice of appeal from (a) judgment, filed while a motion for (reconsideration of judgment) is pending . . . confers no jurisdiction in the appellate court and results in (the) dismissal of the appeal." (Punctuation omitted.) *Black*, supra. This quotation was pulled from *Auld v. Weaver*[9] and was erroneously modified to refer to motions for reconsideration rather than motions for new trial. *Weaver*, contrary to *Black*, provides no precedent regarding pending motions for reconsideration. Therefore, this rule set forth in *Black* is hereby overruled.

While it is true that a notice of appeal filed during the pendency of a motion for new trial confers no jurisdiction on this Court, see *Weaver*, supra, the same rule does not apply to motions for reconsideration. A motion for reconsideration does not extend the time for filing a notice of appeal, and, necessarily, this Court generally has jurisdiction over a notice of appeal of the judgment underlying the notice of appeal. *Westbury Square Townhouses Assn. v. Bryan.*[10] In *Black*, the trial court's initial decision to grant the plaintiff's petition was before us while the denial of the motion for reconsideration was not before us because that motion was decided after the defendant filed its notice of appeal. That notice of appeal, in turn, divested the trial court of its jurisdiction over the motion for reconsideration before the trial court rendered its decision. See generally *Styles v. State*[11] (notice of appeal divests trial court of jurisdiction to alter judgment while on appeal). As such, the appeal regarding the motion for reconsideration in *Black* was appropriately dismissed, although for the wrong reason.

In general, a pending motion for reconsideration does not block this Court's jurisdiction over a notice of appeal regarding the efficacy of the order underlying the motion for reconsideration, as opposed to the separate order granting or denying the motion for reconsideration itself. Accordingly, this Court has jurisdiction over the Threatts' appeal of the trial court's October 4, 2000 order.

OCGA § 9-11-67 provides:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other

[9] *Auld v. Weaver*, 196 Ga. App. 782 (397 SE2d 51) (1990).

[10] *Westbury Square Townhouses Assn. v. Bryan*, 223 Ga. App. 885, 887 (1) (479 SE2d 190) (1996).

[11] *Styles v. State*, 245 Ga. App. 90 (537 SE2d 377) (2000).

thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate.

In the absence of compliance with the terms of OCGA § 9-11-67, interest does not abate. *Sacha v. Coffee Butler Svc.*[12]

In the present case, the parties failed to comply with the terms of OCGA § 9-11-67. The funds were not deposited *by order of the court* until October 4, 2000. See *Gunnin v. Parker*[13] (depositing funds without order of court does not comply with requirements of OCGA § 9-11-67). Additionally, the trial court's comments at the July 11, 2000 hearing indicate that the trial court was unaware that the money had been deposited into the court's registry. The court stated: "Well, maybe y'all can decide that when I decide whether or not I'm going to let it be paid into Court." Pursuant to OCGA § 9-11-67, after the money is deposited, it is subject to withdrawal at any time. Under these circumstances, the funds were not subject to withdrawal as of June 16, 2000. As the requirements of OCGA § 9-11-67 were not complied with, interest thereon did not abate until October 4, 2000, when the trial court issued its order. The trial court had no authority to modify the terms of OCGA § 9-11-67 or to make its order retroactive to June 16, 2000. See *Great Southern Midway v. Hughes.*[14]

Based on the foregoing, the trial court erred in allowing retroactive effect of its order dated October 4, 2000, to June 16, 2000.

*Judgments reversed and cases remanded for disposition consistent with this opinion. Pope, P. J., Andrews, P. J., Johnson, P. J., Smith, P. J., Ruffin, Eldridge, Barnes, Miller, Ellington, Phipps and Mikell, JJ., concur.*

DECIDED JULY 10, 2001 —
RECONSIDERATION DENIED JULY 31, 2001 — 

*Gambrell & Stolz, Irwin W. Stolz, Jr., George E. Butler II,* for appellants.

---

[12] *Sacha v. Coffee Butler Svc.*, 215 Ga. App. 280, 281 (1) (450 SE2d 704) (1994).
[13] *Gunnin v. Parker*, 198 Ga. App. 864, 865 (1) (403 SE2d 822) (1991).
[14] *Great Southern Midway v. Hughes*, 223 Ga. App. 643, 644 (478 SE2d 400) (1996).

*Jarrard & Davis, Kenneth E. Jarrard, Angela E. Davis, Rachel K. Iverson*, for appellee.