A11A1252. JTH TAX, INC. v. FLOWERS.

(716 SE2d 559)

MCFADDEN, Judge.

The issue in this case is whether, pursuant to OCGA § 9-11-67, post-judgment interest abated on funds deposited into the trial court's registry pending the outcome of an appeal. Because all of the requirements of OCGA § 9-11-67 were not satisfied, we hold that post-judgment interest did not abate.

In November 2008, Joan Flowers obtained a judgment against JTH Tax, Inc., d/b/a Liberty Tax Service, for breach of contract, fraud, punitive damages and attorney fees in the amount of $686,190.50. Three weeks later, JTH filed a motion for leave to deposit funds with the court pursuant to OCGA § 9-11-67, stating that it was not contesting the judgment entered on Flowers' breach of contract claim, that it wanted to satisfy that portion of the judgment immediately and that it did not want to continue to accrue post-judgment interest on that undisputed amount. A week later, the trial court entered a consent order granting JTH's § 9-11-67 motion. The order provided, inter alia, that JTH could deposit into the court registry $93,146.26, plus all post-judgment interest accrued until the date of the deposit; that the deposit was subject to withdrawal, in whole or in part, at any time upon request by Flowers; and that the accrual of interest on the deposited amount shall abate. Pursuant to that order, JTH deposited $93,567.42 into the court registry on December 29, 2008.

As to the judgment entered on the fraud, punitive damages and attorney fees claims, JTH moved for judgment notwithstanding the verdict. The trial court denied the motion, and JTH filed a notice of appeal in April 2009. Flowers subsequently filed a motion for supersedeas bond pursuant to OCGA § 5-6-46 (a), requesting that JTH be required to post a bond sufficient to secure the amount of the judgment being appealed. In its response to the motion for super-

sedeas bond, JTH stated that it wanted to deposit funds with the court as security. The trial court subsequently entered a consent order, providing that JTH could deposit $620,719.64 with the court, that upon the deposit the supersedeas on appeal would continue in effect, and that the funds would be held in the court registry until the remittitur in the appeal is returned to the trial court. The order further provided that if, under various circumstances pertaining to the appeal, JTH satisfied the judgment in full, the funds plus accrued interest shall be returned to JTH; but if JTH "does not meet these conditions, Plaintiff Joan Flowers may apply to this Court for an order disbursing these funds to satisfy whatever judgment remains after the final disposition of the appeal." In September 2009, JTH deposited the funds into the court registry, noting on its check stub that the $620,719.64 deposit was for a bond.

Flowers subsequently prevailed on appeal, with this court affirming the judgment of the trial court. See *JTH Tax, Inc. v. Flowers*, 302 Ga. App. 719 (691 SE2d 637) (2010). After the remittitur was filed in the trial court, a consent order was entered which allowed Flowers to take down the funds held in the court registry. Although the parties agreed that the December 2008 deposit of $93,567.42 was made pursuant to OCGA § 9-11-67 and thus tolled the accrual of post-judgment interest as to that deposit, JTH claimed that the accrual of interest was also abated as to the September 2009 deposit of $620,719.64. Flowers disagreed and moved for the trial court to resolve the issue. The trial court entered an order finding that the second deposit of funds had not been made pursuant to OCGA § 9-11-67 and therefore post-judgment interest continued to accrue as to that deposit. JTH appeals.

Under OCGA § 7-4-12 (a), interest on a judgment accrues at an annual rate equal to the prime rate, as published by the Federal Reserve System, plus three percent. Such post-judgment interest, intended to deter post-judgment delay and bring finality to judgments, accrues until the date the judgment is paid and is not abated by an appeal of the judgment. *Security Life Ins. Co. v. St. Paul Fire &c. Ins. Co.*, 263 Ga. App. 525, 529 (2) (588 SE2d 319) (2003), rev'd in part on other grounds, 278 Ga. 800 (606 SE2d 855) (2004); *Great Southern Midway v. Hughes*, 223 Ga. App. 643 (478 SE2d 400) (1996). However, a judgment debtor may abate the accrual of interest by complying with OCGA § 9-11-67, which provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing to be held by the clerk of

> the court, subject to withdrawal, in whole or in part, at any time thereafter upon order of the court, upon posting of sufficient security. Where the thing deposited is money, interest thereupon shall abate.

But "[a]bsent conformity with OCGA § 9-11-67, sums deposited in the court will not be entitled to the abatement of interest. [Cit.]" *Sacha v. Coffee Butler Service*, 215 Ga. App. 280, 281 (1) (450 SE2d 704) (1994).

In the instant case, JTH's September 2009 deposit did not fully comply with the terms of OCGA § 9-11-67. One of the plain terms of that Code section is that the money deposited be subject to withdrawal, in whole or in part, at any time. *Threatt v. Forsyth County*, 250 Ga. App. 838, 845 (2) (552 SE2d 123) (2001). See also *United States v. Midwest Constr. Co.*, 619 F2d 349, 353-354 (5th Cir. 1980) (construing similar FRCP 67 to require that in order to stop accrual of interest defendant must make money available to plaintiff without imposing conditions on its acceptance). The consent order authorizing the September 2009 deposit, unlike the consent order allowing the December 2008 deposit, did not make that money subject to withdrawal at any time. Rather, it expressly provided that the funds deposited were to be held by the trial court until the return of the remittitur from this court, that the funds would be returned to JTH upon the satisfaction of the judgment in full, and that Flowers could apply to the trial court for an order disbursing the funds if JTH did not meet certain conditions and "after the final disposition of the appeal." Thus, as the trial court found, the consent order "specifically prevent[ed] the Plaintiff from access to the funds." Compare *Sacha*, supra (deposits authorized by court order and agreed upon by parties, and requirements of OCGA § 9-11-67 "were otherwise satisfied").

Because the funds deposited in September 2009, unlike those deposited in December 2008, were not subject to withdrawal by Flowers during the pendency of the appeal, the requirements of OCGA § 9-11-67 were not complied with and interest thereon did not abate. See *Threatt*, supra (interest did not abate where funds not subject to withdrawal); *Great Southern Midway*, supra at 644 (post-judgment interest not tolled where, pending appeal, plaintiff unable to satisfy judgment with funds paid into court). Accordingly, the trial court did not err in ruling that interest continued to accrue on the funds deposited in September 2009. See *Gunnin v. Parker*, 198 Ga. App. 864, 865-866 (1) (403 SE2d 822) (1991) (where OCGA § 9-11-67 not fully complied with, trial court correctly awarded post-judgment interest).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED AUGUST 24, 2011.

*Smith, Gambrell & Russell, Edward H. Wasmuth, Jr.*, for appellant.

*Smith, Welch, Webb & White, John P. Webb, Andrew J. Gebhardt*, for appellee.